Christy v. Flanagan.

CHRISTY, *Appellant*, v. FLANAGAN.

Judgment Lien: DURATION OF: APPEAL AND SUPERSEDEAS. An appeal from a judgment of the circuit court and a *supersedeas* thereon will not have the effect to extend the judgment lien beyond the time prescribed by the statute.

Christy v. Flanagan.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*W. B. Thompson* and *James Taussig* for appellant.

(1) An involuntary delay created by no act of plaintiff in the execution, cannot operate to deprive him of the lien of his judgment. *Bank of Missouri v. Wells*, 12 Mo. 361; *Wood v. Messerly*, 46 Mo. 255; *Durrett v. Hulse*, 67 Mo. 201; *Riggs v. Goodrich*, 74 Mo. 111. (2) While a judgment is superseded, the operation of the statute limiting the lien to three years is suspended, and that period of suspension is not to be reckoned in determining the time of expiration of the lien. (3) If the three years expire during the existence of the *supersedeas*, no *scire facias* is necessary to continue the force of the lien. A suspended judgment need not and cannot be revived by *scire facias*.

*Garland Pollard* for respondent.

The appeal and *supersedeas* did not extend the time of the judgment lien; it expired just as though no appeal had been taken. *Chouteau v. Nuckolls*, 20 Mo. 442.

NORTON, J.—It is conceded by counsel that the only question which the record in this case presents for determination is: Does an appeal taken from the judgment of the circuit court, where an appeal bond is given which operates as a *supersedeas*, have the effect of extending the lien of such judgment beyond the time prescribed by statute? It is also conceded that if this

question is answered in the affirmative, that the judgment in the case ought to be reversed, and that if answered in the negative it ought to be affirmed. The question which the record propounds has been practically answered in the negative in the case of *Chouteau v. Nuckolls*, 20 Mo. 442, where it is held that the pendency of a writ of error prosecuted from a judgment, did not affect the duration of the judgment lien; that the affirmance of the judgment would not prolong its existence, nor would the pendency of the writ continue the lien until the time of affirmance, and that this was plain from the wording of the act creating the lien.

It is true as contended that it is not shown by the report of the case whether any bond or order operating as a *supersedeas* had been given or made, or anything to show that the plaintiff in the judgment could not have enforced his judgment by execution during the pendency of the writ; but this can make no difference inasmuch as the decision of the court was distinctly put upon the words of the statute. A judgment lien is of statutory origin, the lifetime of which is fixed by statute, which we are not at liberty either to diminish or extend, by construing into the statute an exception which it is alone the province of the legislature to insert. It is argued that inasmuch as an appeal where a bond is given operates as a *supersedeas*, and denies to the judgment creditor an execution to enforce the lien of his judgment, it would be a hardship on him to rule that the appeal, if not determined within the period fixed by law for the continuance of the judgment lien, did not operate to continue his lien. This argument would be more properly addressed to the law-making power than to us. Besides, the hardship complained of is not so manifest when the fact is considered, that before an appeal can have the effect of denying to the judgment creditor an execution, the party appealing must give a

new and additional security, by the execution of a bond with two sufficient sureties in double the amount of the judgment appealed from, binding them to pay the judgment if affirmed and all costs and damages which may be awarded against the appellant.

The point presented in this case was neither raised nor considered in the cases of *Bank v. Wells*, 12 Mo. 361, and *Meyers v. Campbell*, 12 Mo. 603. Judgment affirmed. All concur.