THOMAS E. SUBLETTE, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 21, 1896.

Judgment, Action on: APPEAL WITH SUPERSEDEAS BOND. An action can not be maintained on a judgment while an appeal therefrom with *superseadeas* bond is pending in the appellate court; nor will it matter in such case that the appellant has failed to file his bill of exceptions in the cause within the time allowed therefor. And such appeal being shown, its pendency will be presumed in the absence of evidence to the contrary.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED.

*George S. Grover* for appellant.

(1) The judgment here sued on was vacated by defendant's appeal to the circuit court of Adair county, Missouri. *Earl v. Collins*, 89 Mo. 263; *Williams v.*

*Lewis*, 47 Mo. App. 657. (2) The defendant having perfected an appeal to the supreme court of Missouri in this cause, no action can be maintained upon the original judgment, even if said judgment was alive, until the cause has been finally disposed of in the supreme court of Missouri. *Ladd v. Cousins*, 35 Mo. 513; *DeKalb Co. v. Hixon*, 44 Mo. 341; *Burgess v. O'Donoghue*, 90 Mo. 299.

*D. C. Taylor* and *R. H. Stevens* for respondent.

The circuit court never acquired jurisdiction of the subject-matter by reason that the appeal allowed by the justice of the peace was a mere nullity, no affidavit for appeal having been filed by the appellant and no bond given. Unauthorized appeals are mere nullities. Appeals without bonds are unauthorized. *Cochran v. Bird*, 2 Mo. 141; *Hayton v. Hope*, 3 Mo. 53; *State v. Steamboat Con.*, 10 Mo. 513; *Price v. Halsed*, 3 Mo. 461; *Giesing v. Schowengerdt*, 24 Mo. App. 554; *Green v. Castello*, 35 Mo. App. 127; *Whitehead v. Cole & Rodgers*, 49 Mo. App. 428; *Devon v. Stoeckler*, 49 Mo. App. 547; *Kelm v. Hemkler*, 49 Mo. App. 664; *Long v. Bollen Coal Co.*, 56 Mo. App. 605; *State ex rel. v. Engleman*, 106 Mo. 628.

BIGGS, J.—On the tenth day of April, 1883, the Wabash, St. Louis & Pacific Railroad Company owned and operated a railroad in Adair county in this state. On the day mentioned it leased its roadbed and the appurtenances to the defendant. Subsequently, to wit, on the twenty-first day of May, 1883, and while the defendant was operating the road, an animal belonging to plaintiff was run over and struck by a train of cars on the road. The accident occurred in Polk township in Adair county. For this the plaintiff

brought suit for damages before a justice of the peace
of the township where the animal was killed, and on
the twenty-second of September, 1883, he recovered a
judgment by default against the defendant for $125
and costs. The present action, which was instituted
at the May term, 1894, of the circuit court of St. Louis
county, is based on that judgment, which the plaintiff
avers has not been paid.

As defenses to the action the defendant insists,
*first*, that the judgment sued on had been vacated by
an appeal to the circuit court; *second*, that the defend-
ant had taken an appeal from the judgment of the cir-
cuit court, and that the cause had not been determined
or in any manner disposed of in the supreme court;
and, *third*, because there had been no revivor of the
justice's judgment.

The cause was submitted to the court without a
jury, and the judgment was for the plaintiff. No
instructions were asked or given, and no objections
were made or exceptions saved to the introduction of
evidence. The defendant has appealed, and its conten-
tion is that, under the conceded facts, the judgment
ought to have been for it.

We need only discuss the second defense. The
transcript of the proceedings before the justice recites
that five days after the entry of the judgment the
defendant moved to set aside the default, which the
justice refused to do, and that, thereupon, the defend-
ant filed its affidavit and bond for an appeal to the
circuit court, and that the appeal was allowed. The
attorney, who represented the defendant, had formerly
represented the Wabash, St. Louis & Pacific Railway
Company, and in making the affidavit and bond he des-
ignated the defendant in the action as the Wabash, St.
Louis & Pacific Railway Company instead of the defend-
ant here. The record went to the circuit court in that

condition, where, on motion of plaintiff, the cause was stricken from the docket. In due time the defendant filed a motion to set aside the order striking the cause from the docket, which the circuit court overruled. The record then recites that the defendant's affidavit and appeal bond were filed and an appeal allowed to the supreme court, and that defendant have sixty days after the expiration of the term within which to file a bill of exceptions. These proceedings were had at the December term, 1883, of the circuit court. In making the final entries the clerk also made the mistake of naming the Wabash, St. Louis & Pacific Railway Company as the defendant in the action. This mistake was corrected by *nunc pro tunc* entries at the October term, 1894, of the circuit court. There is nothing in the record to show that a bill of exceptions was filed, or that the appeal has been disposed of by the supreme court.

The trial judge adopted the view, as indicated by a memorandum filed by him, that, because the defendant had failed to prove that the bill of exceptions was filed and what disposition (if any) had been made of the cause in the supreme court, it should be assumed that the defendant had failed to perfect his appeal by filing a bill of exceptions, or that the cause had in some way been finally disposed of in the supreme court. We can not agree to this. The record recites that the defendant asked for an appeal to the supreme court; that it filed the necessary affidavit, and presented an appeal bond which was approved by the court, and that thereupon the appeal was allowed. This divested the circuit court of further jurisdiction of the cause, except to correct mistakes in its record so as to correctly express the history of the proceedings prior to the appeal (*DeKalb County v. Hixon*, 44 Mo. 341), and vested it in the supreme court. The failure to file the bill of exceptions could in no way operate against the

appeal, or disturb the jurisdiction of the supreme court. The defendant having shown that an appeal was allowed, it devolved on the plaintiff to show that the appeal had been finally disposed of in the supreme court, and that the result was favorable to him. If, in point of fact, the appeal has not been prosecuted as required by law, or if by some mishap the cause has been overlooked in the supreme court (one of which we assume to be true) the plaintiff has his remedy. In the one case, he should move for an affirmance for failure to prosecute; in the other, he should see to it that the cause is put upon the docket of the supreme court. In either event it is evident that the present action has been prematurely brought.

We do not deem it necessary to discuss the other questions. The judgment of the circuit court will, therefore, be reversed and the cause remanded. All the judges concur.