THOMAS E. SUBLETTE, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 7, 1898.

Appellate Practice: PERFECTING APPEALS: AFFIRMANCE OF JUDG-MENT: EXECUTION. Where an appellant fails to perfect and prosecute his appeal, the appellate court can on respondent's motion only affirm the judgment of the circuit court and can not order the issue of an execution.

Appeal from the Adair Circuit Court.—HON. ANDREW ELLISON, Judge.

AFFIRMED.

GEO. S. GROVER for appellant.

(1) The judgment of the justice was vacated by the appeal to the circuit court of Adair county, Missouri. Earl v. Collins, 89 Mo. 263; Williams v. Lewis, 47 Mo. App. 657; 2 R. S. 1889, sec. 6339, p. 1495.

(2) It was never revived, as provided by the statute. 2 R. S. 1889, secs. 6288, 6290, 6292, pp. 1484–1485; Pears v. Goff, 76 Mo. 92. (3) There never was any judgment rendered against the defendant in the circuit court of Adair county, Missouri, and, therefore, this motion will not lie. R. S. 1889, sec. 2252, p. 581. (4) The judgment of the justice is now barred by the statute of limitations. Sess. Acts. Mo. 1895, p. 201.

STORM & COOLEY for respondent.

The defendant company (appellant herein) did not prosecute its appeal herein, and therefore the plaintiff on motion in the supreme court is entitled to have the judgment of the circuit court affirmed. The affirmance by the supreme court of the judgment rendered by the circuit court would put the judgment of the justice court in force, and therefore on affirmance by the supreme court execution may be ordered for plaintiff, the supreme court having a general superintending control over all inferior courts, including justice courts. Constitution, secs. 3 and 37, art. 6.

GILL, J.—In September, 1883, plaintiff recovered a judgment before a justice of the peace against defendant for $125; defendant then appealed to the circuit court of Adair county, where on motion of plaintiff the appeal was dismissed. Thereupon defendant appealed from this judgment dismissing its appeal to the supreme court, but never prosecuting the same. Several years thereafter plaintiff sued defendant on this justice's judgment and recovered in the circuit court of St. Louis in June, 1894. Defendant then appealed to the St. Louis court of appeals, and there, in April, 1896, the judgment of the St. Louis circuit court was reversed, 66 Mo. App. 331, on the ground that the

original case was then pending in the supreme court and that therefore no suit could be based on the original justice's judgment.

In April, 1898, plaintiff filed in the supreme court a motion denominated a motion to affirm judgment. The supreme court thereupon transferred the same to us, and we have it here for determination.

It is clear that we can not grant the prayer of plaintiff's motion. After stating a brief history of the case, the plaintiff "moves the court to affirm the judgment below, with directions for enforcement, and that the supreme court (now this court) order execution to issue in favor of plaintiff and against defendant for $125 with interest at 6 per cent per annum from September 23rd, 1883, and for costs."

This can not be done. This court can only affirm the judgment of the Adair circuit court, nothing more. That judgment simply dismissed the appeal from the justice and left the judgment of the justice standing as it was before defendant took its appeal from the justice.

The judgment then of the circuit court of Adair county dismissing defendant's appeal, is hereby affirmed. SMITH, P. J., concurs. ELLISON, J., not sitting.