THOMAS E. SUBLETTE, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

|81|327|
|s96|118|

Kansas City Court of Appeals, October 30, 1899.

Justices' Courts: REVIVAL OF JUDGMENT: EXECUTION: LIABILITY. An execution can not be sued out on a justice's judgment three years after its rendition without first reviving such judgment; and the fact that an appeal with supersedeas bond has been taken can not change the result.

Appeal from the Adair Circuit Court.—*Hon. N. M. Shelton,* Judge.

REVERSED AND REMANDED.

*Geo. S. Grover* and *Hon. Andrew Ellison, Hon. H. F. Millan* for appellant.

(1) The execution in this case, based as it is upon a judgment more than ten years old, without reviver, is void. R. S. 1889, sec. 6290, p. 1484; R. S. Mo. 1889, sec. 6020, p. 1436; George v. Middough, 62 Mo. 549; Pears v. Goff, 76 Mo. 92; Session Acts 1895, p. 201; Session Acts 1895, p. 221. (2) The appeal, although accompanied by a supersedeas bond, did not prevent or suspend the operation of the statute of limitations. Chouteau v. Nuckolls, 20 Mo. 442; Christy

v. Flanagan, 87 Mo. 670; Green v. Dougherty, 55 Mo. App.
217; McAnaw v. Matthis, 129 Mo. 142.

*J. C. Storm* for respondent.

(1)   The appeal from the justice's judgment and appeal
bond stayed execution and prevented statute of limitations
from running.   R. S. 1889, sec. 6332.   (2)   The appeal
from the circuit court and appeal bond again stayed
execution and prevented statute of limitations from running.
R. S. Mo. 1889, sec. 2249.   (3)   The supreme court has con-
tinuously had jurisdiction of this case since 1884.   Sublette
v. Railway, 66 Mo. App. 331; Sublette v. Railway, 76 Mo.
App. 480.   (4)   The time during which the plaintiff was
prevented by the appeals and supersedeas bonds from issuing
execution is excluded from the statutory time allowed for
that purpose.   Wakefield v. Brown, 37 N. W. Rep. 788.

GILL, J.—This is an appeal from an order of the lower
court refusing to quash an execution.   The original contro-
versy arose before a justice of the peace in Adair county,
where the plaintiff, in September, 1883, recovered a judg-
ment for $125, and from which defendant appealed to the
circuit court.   In that court, on plaintiff's motion, the appeal
of defendant was dismissed.   Defendant appealed from this
order of the circuit court to the supreme court—at least filed
its affidavit and bond for appeal, which was approved and
appeal granted.   But defendant failed to prepare and have
allowed a bill of exceptions—indeed did nothing further
towards the prosecution of its appeal.

Subsequently, in the year 1894, plaintiff brought suit in
the circuit court of St. Louis on the original justice's judg-
ment, recovered there, but on appeal it was reversed by the
St. Louis court of appeals on the ground that the original
case was pending in the supreme court because of the first

appeal taken from the Adair county circuit court (See 66 Mo. App. 331). Following this (1898) plaintiff filed his motion in the supreme court asking that the judgment of the Adair circuit court be affirmed. The supreme court, deeming it a case for our jurisdiction, transferred the same to this court. At the October term, 1898, the case was heard here and decided (76 Mo. App. 480), this court affirming the judgment of the Adair circuit court in dismissing the defendant's appeal from the original justice's judgment. This left standing the judgment of the justice of the peace as originally rendered in September, 1883.

Thereupon in December, 1898, and following our action, plaintiff took a transcript of the justice's judgment, filed it in the office of the circuit clerk and had an execution issued to St. Louis county where certain of defendant's property was levied on. Defendant then filed this motion to quash, which was overruled, and defendant appealed.

I. The point for decision is, whether under the facts stated plaintiff was entitled to sue out an execution on the jurtice's judgment, more than fifteen years after its rendition without first having the same revived as provided by statute. The circuit court, at the hearing of the motion to quash, held in plaintiff's favor and declined to quash the execution. The propriety of this ruling is the question for our determination.

Under the chapter relating to justices of the peace and their judgments, it is provided, that "no plaintiff nor his legal representatives shall, at any time after the expiration of three years from the rendition of a judgment by any justice of the peace, sue out an execution thereon, unless such judgment shall be revived as hereinafter directed." Sec. 6290, R. S. 1889. Then follows the several sections of the statute providing how such revivals shall be effected—section 6296, as amended by the act of 1895 (Laws of 1895, page 201), while declaring that several revivals may be had, yet provides "that no judgment shall be revived after the lapse of ten years from

the rendition thereof." The limitation was formerly twenty years.

Giving now full force and effect to the above quoted section (6290) it must be held that plaintiff was not entitled to an execution on the judgment in question. At the time the execution was sued out the judgment of the justice was fifteen years old and there is no pretense that it had ever been revived. It was, to say the least, in a state of suspended animation—possessed of no such vitality as to warrant the issue of an execution.

But plaintiff's counsel insists that the limitation should not bar the present execution, because of the pendency of the defendant's appeal during the years 1883 to 1898; that by such undisposed of appeal accompanied by a supersedeas bond plaintiff was deprived, during those years, of the right to have execution, and that the three years should only begin to run when such disability was removed in 1898.

This contention has apparent justice in its support. It ought to be the law; for as well said by a learned Minnesota judge, "it is unreasonable and inconsistent for the law to present to a party, in one hand, a command to do an act within a certain time under the penalty of losing his rights, and with the other hand, restrain him from doing the act." Wakefield v. Brown, 38 Minn. 361. Our statute, however, has provided no such exemption from the three years' limitation, and we must of course enforce the law just as it is written.

Our supreme court has several times had before it a similar question—that is, whether or not an appeal from a judgment of the circuit court accompanied by a supersedeas bond should have the effect to extend the judgment lien beyond the three years prescribed by statute. It will be remembered that the statute (sections 6011 et seq.) declares a lien in favor of the judgment creditor against the real estate of the debtor to continue for the period of three years. This lien too may be kept alive by the writ of scire facias, a similar proceeding

to that provided for reviving a judgment so as to permit an execution. And it has been held (Christy v. Flanagan, 87 Mo. 670, and other cases) that an appeal from a judgment of the circuit court and a supersedeas thereon will not have the effect to extend the judgment lien beyond the time named in the statute, and this too in face of the fact that during the pendency of the appeal there could be no enforcement of the lien. In the case above referred to Judge Norton says: 'A judgment lien is of statutory origin, the lifetime of which is fixed by statute which we are not at liberty either to diminish or extend by construing into the statute an exception which it is alone the province of the legislature to insert." And in answer to the argument that it is unjust to include the time following the rendition of the judgment and appeal with a supersedeas bond because during that time the lien could not be enforced, the same learned judge says: "This argument would be more properly addressed to the lawmaking power than to us. Besides the hardship complained of is not so manifest when the fact is considered, that before an appeal can have the effect of denying to the judgment creditor an execution, the party appealing must give a new and additional security by the execution of a bond with two sufficient sureties in double the amount of the judgment appealed from."

The same course of reasoning will apply here. The statute, in plain and unambiguous language, has said that unless a judgment of a justice be revived no execution shall issue thereon after the expiration of three' years. It is not provided that the pendency of an appeal with a supersedeas bond shall operate to extend that time or shall suspend the operation of the statute, and hence it ill becomes the court to insert such a qualification which the legislature did not see proper to make. This course of reasoning is also supported by George v. Middough, 62 Mo. 549, and Pears v. Goff, 76 Mo. 92.

In our opinion, then, the execution sued out by the plain-

tiff was in defiance of and contrary to the mandate of the stat-
ute, and therefore a nullity. The court below should have
sustained the motion to quash. The judgment, therefore,
will be reversed and the cause remanded with directions to the
lower court to proceed in accordance with this opinion.
*Smith, P. J.*, concurs; *Ellison, J.*, not sitting.