THOMAS E. SUBLETTE, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, August 4, 1902.

1. **Taxation**: EXEMPTION FROM NOT TRANSFERABLE. An exemption from taxation is not transferable without express legislative authority, nor does it pass by a conveyance of the "property and franchises" of the transferring company. The exemption or immunity granted to the North Missouri Railroad by section 3 of the Act of 1865 (Laws 1865, p. 89), concerning actions for stock-killing, is subject to the same limitations as to transfer.

2. **Judgment**: LIEN EXPIRES WHEN: APPEAL: SUPERSEDEAS. The lien of a judgment expires at the end of three years from its rendition, even although an appeal with supersedeas may stay the execution during that entire period.

3. **Statute of Limitations**: STATUTORY CONSTRUCTION: SCIRE FACIAS. A suit upon a judgment of a justice of the peace is barred by limitation after five years by the Missouri statute (R. S. 1899, sec. 4273), but a *scire facias* to revive the judgment will lie at any time within ten years.

Vol 96 mo app—8

Sublette v. St. L., I. M. & S. Ry. Co.

4. Justice's Judgment: APPEAL: PRACTICE, TRIAL: PRACTICE, APPELLATE. An appeal by defendant having been taken from a justice's judgment was dismissed by the circuit court, whereupon defendant appealed from the dismissal and the appellate court affirmed that judgment. *Held,* that the statute of limitations did not begin to run against the justice's judgment until the affirmance aforesaid.

5. ———: APPEAL FROM: DISMISSAL OF APPEAL: JUDGMENT BECOMES A FINALITY. An appeal from a justice's judgment vacates it until the appeal is disposed of; but on dismissal of the appeal the justice's judgment becomes a finality.

6. Justice of Peace: JURISDICTION: STATUTORY CONSTRUCTION. A justice of the peace in 1883 had jurisdiction over an action for $125 damages for the killing of stock, under the general laws of Missouri.

7. Case at Bar Distinguished. The case at bar is distinguished from Daniels v. Railroad, 63 Mo. 43, relieving the court from deciding how far the authority of the latter case may be qualified by later Missouri decisions.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney,* Judge.

AFFIRMED.

*Geo. S. Grover* for appellant.

(1) The record does not show that there is an outstanding judgment against the defendant upon which an action can be instituted. Earl v. Collins, 89 Mo. 263; Williams v. Lewis, 47 Mo. App. 657; R. S. 1899, sec. 4071. (2) The judgment here sued on is in excess of the jurisdiction of the justice and therefore void. Laws 1865, p. 89; R. S. 1855, vol. 2, sec. 2, p. 925; R. S. 1865, p. 56. (3) The defendant, as lessee, succeeded to the charter rights of the North Missouri Railroad Company, and, therefore, can here raise the question of jurisdiction. Daniels v. Railroad, 62 Mo. 43; State ex rel. v. Railroad, 3 Mo. App. 193; Henry v. Railroad, 44 Mo. App. 108; R. S., sec. 1060. (4) This action was barred on the twenty-first day of August, 1900, by the statute of limitations. R. S. 1899, secs. 4272 and

4273; Chouteau v. Nuckells, 20 Mo. 442; Coomes v. Moore, 57 Mo. 338; George v. Middough, 62 Mo. 549; Pears v. Goff, 76 Mo. 92.

*D. C. Taylor* and *R. H. Stevens* for respondent.

(1) The justice had jurisdiction of the subject-matter, and neither the charter of the Wabash Railway Company, the lessor of the defendant, nor any one of its grantors, limited the jurisdiction of the justice of the peace to twenty dollars or any other sum. The section of the charter of the North Missouri Railway Company, one of the grantors of the lessor, reads as follows: "That the justice shall have jurisdiction to the same extent over this company in all questions of trespass for killing stock which they now have over natural persons, and they shall have and exercise no other jurisdiction than as above provided." Under this section we maintain that the most that the defendant can claim is that the jurisdiction of the justice over defendant in this case could not be greater than the jurisdiction over natural persons. That at the time the original suit was brought in 1883, jurisdiction of justices over natural persons was $150. R. S. 1879, sec. 2835. (2) The petition in this case asked for one hundred and twenty-five dollars damages. Hudson v. Railroad, 53 Mo. 525; Burton v. Railroad, 30 Mo. 372; Wood v. Railroad, 58 Mo. 78. (3) The action upon this judgment is not barred by the statute of limitation. The original suit was pending in the Supreme Court and the Kansas City Court of Appeals until the final affirmance of judgment of dismissal, November 7, 1899, and no action could be brought thereon pending said appeal. Sublette v. Railroad, 66 Mo. App. 331; s. c., 76 Mo. App. 480.

BARCLAY, J.—This case comes here by appeal from an order granting a new trial to the plaintiff. No controverted facts are involved.

The history of the controversy is fairly given in appellant's statement, which we adopt in great part.

In 1883 (May 21) plaintiff's bull was killed by one of defendant's trains in Adair county, Missouri.

In 1883 (September 8) suit was brought by plaintiff against defendant before a justice of the peace of Adair county to recover $125 damages for the killing of said bull.

In 1883 (September 22) on due and proper service a judgment by default was rendered against defendant in favor of plaintiff for $125 and costs.

An appeal was perfected in said cause, by defendant, September 27, 1883, to the circuit court of Adair county where the following result was reached, December 12, 1883:

"Now at this day comes the plaintiff herein, by attorney, and it appearing to the satisfaction of the court that this cause is not properly on the docket, and that this court has no jurisdiction of the subject-matter herein, it is therefore ordered by the court that this cause be, and is hereby, stricken from the docket."

In 1883 (December 13) defendant moved to set aside the last order and to dismiss.

In 1884 (April 16) the last mentioned motions were overruled; sixty days' time was allowed to file bill of exceptions and an appeal with stay bond was duly taken by defendant to the Supreme Court of Missouri.

In 1894 (October 19) defendant filed application in Adair Circuit Court to amend record *nunc pro tunc* by substituting the name of defendant for that of the Wabash, St. Louis & Pacific Railway Company, which appeared in the original records of that court.

In 1894 (October 22) the order *nunc pro tunc* as prayed was granted.

In May, 1894, the plaintiff instituted a suit on said judgment in the circuit court of St. Louis county, Missouri. The cause was tried before Hon. Rudolph Hirzel, circuit judge, on the thirty-first day of May, 1895.

In 1895 (July 9) said circuit judge, sitting as a jury, entered a judgment in favor of the plaintiff, for $217.20. From this judgment the defendant perfected an appeal to this court.

In 1896 (April 21) the judgment below was reversed, and the cause remanded, on the ground that the pending appeal to the Supreme Court precluded a suit on the judgment of the justice. Sublette v. Railway, 66 Mo. App. (St. L.) 331. That suit was subsequently dismissed in the circuit court of St. Louis county.

In April, 1898, the plaintiff filed a motion in the Supreme Court of Missouri to affirm the judgment in the Adair county case; but the Supreme Court transferred the cause to the Kansas City Court of Appeals.

In 1898 (November 7) the latter court, after stating the case, said:

"It is clear we can not grant the prayer of plaintiff's motion. After stating a brief history of the case, the plaintiff 'moves the court to affirm the judgment below, with directions for enforcement, and that the Supreme Court (now this court) order execution to issue in favor of plaintiff and against defendant for $125, with interest at six per cent per annum from September 23, 1883, and for costs.'

"This can not be done. This court can only affirm the judgment of the Adair Circuit Court, nothing more.

"That judgment simply dismissed the appeal from the justice, and left the judgment of the justice standing as it was before the defendant took its appeal from the justice.

"The judgment, then, of the circuit court of Adair county, dismissing defendant's appeal, is hereby affirmed." Sublette v. St. Louis, I. M. & S. R'y Co., 76 Mo. App. (K. C.) 480-1-2.

In December, 1898, the plaintiff took a transcript of the justice's judgment, filed it in the office of the circuit clerk of Adair county, and had an execution is-

sued to St. Louis county, where certain of defendant's property was levied on.

Defendant filed a motion to quash said execution in the circuit court of Adair county, although it appeared that the judgment had never been revived. That court overruled said motion, and defendant perfected an appeal to the Kansas City Court of Appeals. It also obtained an injunction proceeding in the same court whereby plaintiff and the officers of Adair and St. Louis counties were restrained from proceeding further with said cause, pending said appeal. The cause was reversed and remanded in the Kansas City Court of Appeals on the thirtieth day of October, 1899. Sublette v. St. L., I. M. & S. R'y Co., 81 Mo. App. (K. C.) 327.

In 1900 (August 21) the action now at bar was begun in the circuit court of St. Louis county, Missouri, by a petition in ordinary form, on the original judgment of the justice in Adair county. The answer set forth a history of the case, in substance as above, asserted a want of jurisdiction in the justice to render the judgment, and further set up the statute of limitations.

On the trial the following facts in addition to those already mentioned were given in evidence.

On the third day of March, 1851, the North Missouri Railroad Company was incorporated under a special charter from the State of Missouri, and authorized to construct and operate a line of railroad from St. Charles to the northern boundary line of the State, passing through Adair county, Missouri.

This charter was amended on the seventh day of January, 1853, so as to authorize that company to construct and operate a railway from St. Charles to any point in the city of St. Louis, and also to construct lateral or branch roads to any point. This charter was again amended on the eighteenth day of February, 1865. (Laws 1865, p. 89).

Section 3 of the last-named act was as follows:

"Section 3. That justices of the peace shall have

jurisdiction to the same extent over this company in all actions of trespass for killing stock which they now have over natural persons, and they shall have and exercise no other jurisdiction than as above provided."

Under these provisions, the North Missouri Railroad Company constructed its line of railroad in Adair county, Missouri.

Defendant claims that by virtue of a mortgage of the North Missouri Railroad Company, dated October 1, 1868, and conveyances thereunder, the defendant acquired the franchises and immunities of that company, and especially acquired the benefit of section 3 of the said Act of 1865, amendatory of the charter of said company. Those documents appear from the abstract to have been introduced in evidence in this cause in the trial court, but their terms are not before us here, further than that their effect is said by appellant to be to pass the charter rights of the North Missouri Railroad Company to the Wabash company, the lessor of defendant.

In 1883 (May 10) said lessor, the Wabash, St. Louis and Pacific Railway Company, leased its lines of railway, including the line purchased from the North Missouri Railroad Company, to the St. Louis, Iron Mountain and Southern Railway Company, the defendant.

By the express terms of that instrument all of the powers and franchises of the lessor passed to the lessee, the defendant, by this language:

"The party of the second part (the St. Louis, Iron Mountain and Southern Railway Company) shall have, use, exercise and enjoy all the rights, powers and authority aforesaid, and all other lawful powers and privileges which can, or may be, lawfully exercised and enjoyed on and about the said demised railroad property, as exclusively, fully and amply as the same might or could have been used, exercised and enjoyed by said party of the first part (Wabash, St. Louis and Pacific Railway Company) had this lease or contract not have

been made; and as exclusively, fully, amply and entirely as said party of the first part have authority by law to grant the same.''

It was admitted that the Iron Mountain and Southern Railway Company was operating the line of railway owned by the Wabash, St. Louis and Pacific Railway Company through Adair county, at the time complained of in 1883, and that this injury was caused on that line by the Iron Mountain Railway Company in operating said road.

On the case thus made the learned circuit judge entered judgment for defendant, July 15, 1901. But afterwards he sustained the plaintiff's motion for a new trial which was based on these grounds:

''1.   Because the finding and judgment of the court is not supported by the evidence.

''2.   Because the finding and judgment of the court is against the weight of the evidence.

''3.   Because the court admitted improper and incompetent evidence offered by defendant, and objected to by plaintiff.

''4.   Because the court refused competent and proper evidence offered by the plaintiff.

''5.   Because the finding and judgment of the court is against the law and the evidence, and is not supported by either the law governing the cause, nor the facts.

''6.   Because the court in applying the law to said cause misconstrued the law relating thereto, and erroneously found that said cause of action was barred by the statute of limitations.''

The motion for new trial was sustained by the trial court because ''the finding and judgment were against the law.''

Defendant duly saved execeptions and took this appeal.

1.   Defendant assigns error on the ground that this action is barred by limitation.

We do not doubt that under the decision of the Su-

preme Court in Coomes v. Moore, 57 Mo. 338, the judgment of a Missouri justice of the peace is one of the "obligations or liabilities expressed or implied" which may be barred by our five-year statute of limitations. R. S. 1899, sec. 4273. The principle of the last-cited case is also declared in Kemp v. Heirs Cornelius, 14 La. Ann. 301, affirmed in Succession of Rice, 15 La. Ann. 649.

But the decision of the Kansas City Court of Appeals in the original cause adjudicated that the judgment of the justice, now in suit, was at the time of that decision left standing "as it was before defendant took its appeal from the justice." Sublette v. Railway, 76 Mo. App. (K. C.) 480.

The judgment of the appellate court just cited was rendered November 7, 1898. The present action was brought, August 21, 1900, within five years thereafter. Defendant insists, nevertheless, that the statute of limitations of five years (R. S. 1899, sec. 4273) began to run from the date of the justice's judgment (September 22, 1883) arguing that the analogy furnished by the law concerning the duration of judgment liens pending a supersedeas should be applied. Under the law governing these liens it is held that unless revived they expire by the limitation of the statute at the end of the time three years) fixed for their duration, despite the fact that they may not be enforcible during the whole period on account of a stay of execution obtained by an appeal with supersedeas bond. R. S. 1899, sec. 3714; Chouteau v. Nuckolls, 20 Mo. 442; Christy v. Flanagan, 87 Mo. 670. There would be very persuasive force in this contention if the judgment of a justice of the peace possessed the same finality (after an appeal therefrom) as does a similar judgment of the circuit court. But such is not the case. Under the law governing proceedings before justices it is settled that an appeal from such a judgment to the circuit court where, by our statute law, a trial anew may be had upon the original cause

of action, vacates the justice's judgment pending the appeal and until the appeal is finally disposed of. R. S. 1899, sec. 4071; Turner v. Northcut, 9 Mo. (orig. ed.) 251 (reprint) 249; Carrollton v. Rhomberg, 78 Mo. 547. If the appeal is dismissed in the circuit court the justice's judgment becomes again a finality. Earl v. Hart, 89 Mo. 263. But if an appeal is taken from a judgment of dismissal in the circuit court that order can not be regarded as final until it is disposed of by the appellate court to which the case may properly go. Sublette v. Railway, 66 Mo. App. (St. L.) 331. The identical question involved in the contention of appellant on this point was decided in the case last mentioned where the same facts before us now were presented.

In view of that ruling we hold that the date when the cause of action accrued in the cause at bar was not earlier than the date of the judgment on appeal reported in 76 Mo. App. (K. C.) 480.

We consider that the applicability of the statute of limitations cited is not defeated by the circumstance that the time for bringing a scire facias upon a justice's judgment reaches now to ten years (R. S. 1899, sec. 4028). It is entirely competent for the Legislature to establish different periods of time within which the severable rights may be exercised of suit upon a judgment and of obtaining a scire facias to sustain a fresh execution thereon. Mason v. Cranise, 30 Cal. 411. The right to apply for a scire facias is limited to ten years while the right to sue in an independent action on the justice's judgment is barred by the five-year statute above cited.

2. Appellant contends that the justice of the peace did not have jurisdiction to render the judgment for $125 in September, 1883. A most erudite and entertaining argument has been submitted to show that under the third section of the amendatory Act of 1865 (Laws 1864-5, p. 89), the North Missouri Railroad Company was exempted from the jurisdiction of justices in stock-

killing cases to the extent indicated by that section, and that the privilege or immunity, or whatever it may be called, conferred by that section was vested in the defendant in this action in 1883 by transfers of that privilege (or whatever it is) from the North Missouri Railroad Company, under the reasoning of the opinion of the Supreme Court in Daniels v. Railroad, 62 Mo. 43. The claim is made by appellant that such a case as this, involving $125, was not cognizable before a justice, under section 3 of that Act of 1865.

It is tacitly conceded (and it could not be successfully denied) that at the time the original action was begun in 1883 a justice of the peace in Adair county would have jurisdiction to the extent of a claim for $125 for the killing of a bull by a railroad train, if the North Missouri Railroad Act of 1865 now invoked is found inapplicable. R. S. 1899, secs. 2835, 809.

What is the nature of the privilege or immunity conferred on the North Missouri Railroad Company by the third section of the Act of 1865, and was it transmitted to defendant as one of the "charter rights" of that company so as to deprive the justice of jurisdiction in the original case?

The section in question purported to exclude the jurisdiction of justices in actions of trespass for killing stock except to the extent of jurisdiction which justices had at that time (February 18, 1865) over natural persons. The terms of the section conferred on justices the same jurisdiction "over this company" (meaning the North Missouri Railroad Company) in such cases as the justices then had over natural persons.

By another law that company was authorized to mortgage its "franchises and other property." Laws 1863-4, pp. 53, 57, secs. 6, 13.

No statute has been cited to us, nor have we been able on a fairly diligent search to discover any enactment, which approaches the conferring of authority on the North Missouri Railroad Company to mortgage, sell,

transfer or assign the privilege or immunity created by the third section of the Act of 1865.

We consider that said privilege (for we shall hereafter for convenience so term it) was purely personal to the original company. It was merely a special modification of the law of 1861 (Laws 1861, p. 23; G. S. 1865, p. 697, sec. 3) in favor of the North Missouri Railroad Company, regulating the jurisdiction of justices of the peace in actions of trespass against railroad companies for killing stock. Said privilege was not even a right indirectly appendant or appurtenant to property, as an exemption of property from taxation has been claimed to be. Yet such a right or privilege of exemption has been held by the highest authority, first, not to be transferable without an express grant of power therefor (State ex rel. v. Railroad, 89 Mo. 523; State ex rel. v. Railroad, 99 Mo. 30; Little Rock, etc., R. R. Co. v. Commissioners, 112 U. S. 609; Picard v. Railroad, 130 U. S. 637) and, secondly, not to have been transferred by the conveyance of the "property and franchises" of the transferring company. Morgan v. Louisana, 93 U. S. 217.

The principles declared in the last five cases cited point distinctly to the conclusion that the privilege here in question, as conferred by the third section of the Act of 1865, was purely personal to the North Missouri Railroad Company, and that it constituted no barrier to the exercise of jurisdiction by the justice of the peace in pronouncing the original judgment on which the suit at bar is founded.

The unique limitation of the jurisdiction of justices's courts over actions of this class by the third section aforesaid is a topic quite distinguishable from the exemption of a railway corporation from the penal provisions of the "double-damage act," by a special act imposing a liability for single damages (Laws 1864-5, p. 89, sec. 2) which was the subject under discussion in Daniels v. Railroad, 62 Mo. 43. That distinction be-

tween the Daniels case and the one at bar relieves us of the necessity of determining how far the authority of the Daniels case concerning the transmissibility of such a privilege or immunity is impaired by the later Missouri decisions already mentioned.

The learned circuit judge, in ruling on the motion for a new trial, was right in holding that plaintiff was not, as a matter of law, precluded from a recovery on the facts in evidence.

The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.