## SUBLETTE v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

**Division One, June 30, 1906.**

**APPELLATE JURISDICTION: Constitutional Question.** The Supreme Court does not obtain jurisdiction of an appeal by an averment in the pleadings that a former decision of the Court of Appeals in the same cause, in construing certain statutes, was in violation of the Federal and State constitutions. A constitutional question cannot be raised in that way.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney*, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Geo. S. Grover* for appellant.

*D. C. Taylor* and *R. H. Stevens* for respondent.

GRAVES, J.—This is the second time this case, or some phase of it, has broken through the portals and gotten into this court. It first came from Adair county and was by this court certified to the Kansas City Court of Appeals. [76 Mo. App. 480.] It has been in the Courts of Appeals, and received consideration and opinions three other times. [66 Mo. App. 331; 81 Mo. App. 327; 96 Mo. App. 113.] The litigants have been absolutely fair with the two Courts of Appeals, having been to each of them twice, and having been to this court but once, the same spirit of fairness perhaps prompted them in this second attempt here, under the guise of alleged constitutional and federal questions.

The petition is one declaring upon a judgment of a justice of the peace for $125, and accrued interest at the rate of 6 per cent from 1883. The answer is of great length, but outside of the part which we will presently set out, is presented fully by BARCLAY, J., 96 Mo. App. 113, and repetition here is useless.

After the opinion of Judge BARCLAY, affirming the judgment of the circuit court, in setting aside its finding and judgment for defendant, the defendant before a second trial, which resulted in the present appeal, amended its answer by adding another count thereto, which is the part thereof raising the alleged constitutional and federal questions.

This part of the answer is as follows:

"Further answering, defendant says that this cause was tried before Hon. John W. McElhinney, circuit judge of the Thirteenth Judicial Circuit, at Clayton, Missouri, on the 15th day of June, 1901; that thereafter, on the 15th day of July, A. D. 1901, a judgment for the defendant was ordered in said court, and thereafter on the 27th day of July, 1901, the plaintiff's motion for new trial was sustained by said court; whereupon defendant perfected an appeal in said cause to the St. Louis Court of Appeals, where, subsequently,

the judgment below in sustaining said motion for new trial was affirmed.

"Defendant further states that the opinion of the St. Louis Court of Appeals at the last trial of this cause, affirming said judgment for new trial, is in direct conflict with the opinion of the Kansas City Court of Appeals, found in the 81st Missouri Appeals, on page 327, as hereinbefore recited, and with numerous controlling decisions of the Supreme Court of Missouri, and that the construction of the various statutes of the State of Missouri, bearing upon this case, as given by the St. Louis Court of Appeals, violates section 30, of article 2, of the Constitution of Missouri, in that it attempts to deprive the defendant of property without due process of law, and also violates the fourteenth amendment to the Constitution of the United States, in that said decision deprives the defendant of property without due process of law, and denies to the defendant the equal protection of the laws within the jurisdiction of said court.

"Wherefore, defendants say that plaintiff ought not to have or maintain this action, and having fully answered, prays to be discharged with its costs."

The judgment here appealed from is for $276.85.

This answer in substance charged a conflict of opinion between the St. Louis Court of Appeals and the Kansas City Court of Appeals, and that the construction of various statutes of this State given by the St. Louis Court of Appeals violates our Constitution and the Federal Constitution. The Courts of Appeals have as much right to construe statutes as has this court, if construction of such is demanded in the course of decision of cases coming properly within their jurisdiction, and their construction is as final in such cases as is the construction of statutes by this court in cases here.

This court cannot undertake to act as a court of appeals for these two appellate courts in any such

manner, as would result by an assumption of jurisdiction in the case at bar.

In a nutshell, this answer says that we should assume jurisdiction, because it, defendant, thinks the opinion of the St. Louis Court of Appeals as to the meaning of certain statutes is in violation of state and federal constitutional inhibitions.

In our judgment this answer raises no constitutional or federal question. If this answer confers jurisdiction upon this court, then all a defendant would have to do, to burden this court with all kinds of small cases, would be to plead in his answer that certain statutes applicable to and involved in his case had been construed previously by the Court of Appeals, and that the construction given violated some constitutional provision. This is going a step too far for constitutional and federal questions.

There being no such questions properly raised by this record, this cause should be transferred to the St. Louis Court of Appeals and it is so ordered.

All concur.