WEBB CITY & CARTERVILLE WATER WORKS COMPANY V.
WEBB CITY, *Appellant.*

Division One, April 1, 1898.

Jurisdiction of Supreme Court. Respondent, The Webb City & Carterville Water Works Company, recovered a judgment for $1,224.60 against Webb City, a city of the fourth class, for hydrant rental. *Held,* that the Supreme Court has no jurisdiction of the appeal, since the only question raised in the record is whether said city had authority, under section 951, article IX, chapter 21, Revised Statutes 1879, to enter into said contract for hydrant rental.

*Appeal from Jasper Circuit Court.*—HON. THOS. HACKNEY, Special Judge.

TRANSFERRED TO KANSAS CITY COURT. OF APPEALS.

*E. O. Brown* and *A. H. Redding* for appellant.

*Stuart, Cunningham & Eliot* and *Galen & A. E. Spencer* for respondent.

BRACE, P. J.—This is an appeal from a judgment of the circuit court of Jasper county in favor of the plaintiff for the sum of $1,224.60, from which the defendant appeals.

The defendant is a city of the fourth class. By section 4940, article V, chapter 89, Revised Statutes 1879, such cities were authorized by ordinance "to prevent and extinguish fires" and "to pass such ordinances, not inconsistent with this article, as may be expedient in maintaining the peace and good government, health and welfare of the city, its trade, commerce and manufactures." By section 951, article IX, chapter 21, Revised Statutes 1879, any corporation

formed under the provisions of that article for the pur-
pose of supplying such cities with water were authorized
"to sell and furnish" such quantities of water to such
cities as may be required in the city for public or pri-
vate buildings or for other purposes, and by section
952 of the same article the authorities of such cities
were authorized to contract with any such corporation
for "supplying with water the streets, lanes, alleys,
squares and public places in such city . . . . . . . for any
length of time which shall be agreed upon between such
city and such company for a term not to exceed twenty
years . . . provided that contracts entered into under the
provisions of this act shall have no legal *form* (force?)
until the same shall be submitted to a vote of the qual-
ified voters at a general or special election of such city,
and shall be ratified by a two-thirds majority of the le-
gal votes polled at said election." By ordinance duly
passed on the twenty-fifth of July, 1889, submitted to
the qualified voters of said city at a special election on
the twentieth of August, 1889, ratified by a two-thirds
majority of such voters at such election, the provisions
of which were thereafter accepted as provided in said
ordinance, a contract was entered into between "James
O'Neill and the defendant city for supplying said city
with hydrants and water for a term of twenty years,
which contract was on the sixteenth of December, 1889,
assigned by said O'Neill to the plaintiff, a corporation
organized under article IX, chapter 21, *supra*. On the
trial it was admitted that the "plaintiff has furnished
the defendant the hydrants mentioned in the ordinances
read in evidence, and also furnished additional hy-
drants when requested by said city, and has furnished
said city water as required by said ordinances; and
that the income and revenue provided by said city for
each year, after deducting the ordinary expenses of
maintaining the city government for each year, have

been sufficient, and are sufficient, to pay hydrant rental to plaintiff accruing under the provisions of said ordinance."

The only question in the case on the appeal is whether under the statute the defendant city had the power to make the contract. The amount claimed in the petition filed November 12, 1894, is $1,087.50 and interest at the rate of five per cent per annum. It does not appear from the record that any question "involving the construction of the Constitution of the United States or of this State," or "involving the title to real estate," is raised for determination; and as Webb City is not a political sub-division of the State, this case is within the appellate jurisdiction of the Kansas City Court of Appeals. Const., art. VI, sec. 12; *Parker v. Zeisler*, 139 Mo. 298. It is therefore ordered that this cause be transferred to that court. All concur.