# KNOP *v.* MONONGAHELA RIVER CONSOLIDATED COAL AND COKE COMPANY.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 449.   Argued December 18, 1908.—Decided January 4, 1909.

The mere construction of a state statute does not of itself present a Federal question.

Where the constitutionality of a state statute, as construed by the highest court of the State, is admitted, and only its applicability to the facts is denied, no question as to the construction or applica-

tion of the Federal Constitution is involved, and a direct appeal to this court from the Circuit Court will not lie under § 5 of the act of March 3, 1891, c. 517, 26 Stat. 826.

THE appellants are gaugers of coal and coke, appointed by the State of Louisiana. The appellee is a corporation organized under the laws of Pennsylvania, engaged in mining bituminous coal outside the State of Louisiana and transporting it to that and other States for sale. The transportation to Louisiana is in coal boats or barges. For some years the sales were largely in bulk by the boat or barge load, but within a year or two prior to the commencement of this suit, in consequence of the introduction and general use of fuel oil, the sale in boat or barge loads had been reduced to some thirty-five or forty loads per annum, although the appellee was transporting to Louisiana from 800 to 1,000 loaded boats and barges. By far the bulk of the sales were thus by barrel or weight and not by boat or barge load, and the amount of each sale was fixed and determined by actual measurement or weighing at the time of delivery to the purchaser.

An act was passed by the State of Louisiana, in 1888, in respect to gauging. Laws 1888, p. 207, chap. 147. The validity of this statute was challenged in the state courts, but sustained by the Supreme Court. *State* v. *Pittsburg & Southern Coal Company*, 41 La. Ann. 465. That court, refusing a rehearing, said (p. 473):

"Nothing in this application shakes our conviction of the correctness of our interpretation of the statute as making the gauging of the coalboats and barges, before sale, compulsory. We may remark, however, that the act applies exclusively to sales of boat loads or barge loads of coal, and not to sales of a particular number of barrels of coal from a boat or barge."

The case was brought to this court and the ruling of the Supreme Court of Louisiana sustained, it appearing that the sales were "to dealers, planters, and other purchasers, but in no quantity less than a boat or barge load." Subsequent leg-

islation was had in Louisiana. Acts 1894, page 172, Act 137; Acts 1902, page 81, being an amendment of the act of 1894, and Acts 1904, page 201, an amendment of the act of 1888. The only difference between the later legislation and the act of 1888 which is material is that in the act of 1888, § 8, it is provided "no boat load of coal or coke shall be sold in this city or State until it has been inspected, as provided for by this act," while § 3 of the act of 1904 reads, "no boat load of coal or coke, nor any part thereof, shall be delivered to the purchaser thereof, whether the sale was made within or without the State, until it has been inspected as provided for in this act."

On December 10, 1906, the appellee filed its bill in the Circuit Court of the United States for the Eastern District of Louisiana to restrain the gaugers of coal from proceeding under the acts except as to coal sold or intended for sale by boat or barge load. On June 11, 1908, a decree was entered for the plaintiff, in accordance with the prayer of the bill, the court in its opinion saying:

"The title of the act of 1902, and of the act of 1904, is 'An act to compel the weighing or gauging in the State of all bituminous or anthracite coal or coke sold in Louisiana by boat, barge or car load.' The act of 1904, sec. 8, reads, 'No boat load of coal or coke, nor any part thereof, shall be delivered to the purchaser,' and in the next sentence reads, 'And any person, partnership, firm or corporation who shall sell or deliver in this State a boat load or a barge load of coal or coke, or any part thereof.' Construing the word part with reference to the object of the statute and with reference to the words that immediately precede it, I do not see how there can be any doubt that the part meant is an aliquot fraction of a load."

From this decree of the Circuit Court the appellants appealed directly to this court.

*Mr. E. Howard McCaleb, Junior,* with whom *Mr. Walter Guion* was on the brief, for appellants.

*Mr. Charles S. Rice,* for appellee.

Mr. Justice Brewer, after making the foregoing statement, delivered the opinion of the court.

An appeal was taken under § 5 of the act creating the Circuit Court of Appeals. 26 Stat. 826, 827. The mere construction of a state statute does not of itself present a Federal question. But the contention of appellants is that the Circuit Court improperly construed the act of 1904; that correctly construed it applies not merely to sales by boat or barge load, or some aliquot part thereof, but also to sales by weight or measurement, and that under such construction a question is presented of a conflict between it and the Federal Constitution.

But the difficulty with this contention is, first, that the statute construed as applied to boat and barge loads has been declared valid by this court; and further, that there is no claim by the appellee of any invalidity in the statute, but only of its inapplicability to the facts. In the face of the decision of this court and the claim of the appellee it is difficult to see how there can be any question of a conflict between the legislation and the Federal Constitution. After a final decision, it is going too far to hold that there still remains an undecided question, and that when we have held that a statute of a State is valid there remains a controversy as to its validity, and this is emphatically true when neither party challenges that decision. Nor for like reason does there appear any ground for holding that there is a question as to the construction or application of the Constitution. While in § 10 of Art. I of the Federal Constitution there is a recognition of the power of the State to pass inspection laws, yet to justify a holding that the application of the Federal Constitution is involved there should be a question as to the relation between some constitutional provision and the state statute.

Under these circumstances we are of opinion that this court has no jurisdiction, and the appeal must be

*Dismissed.*