JAMES MOORE v. UNITED RAILWAYS COM-
PANY and ST. LOUIS TRANSIT COMPANY,
Appellants.

**Division Two, March 24, 1914.**

**CONSTITUTIONAL QUESTION: Not Urged on Appeal: Jurisdiction.** An objection to the constitutionality of a statute made in the trial court and abandoned on appeal, or not maintained by argument or specification, does not vest jurisdiction in the Supreme Court to hear the appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Boyle & Priest, T. E. Francis, Chauncey H. Clarke* and *W. Blodgett Priest* for appellants.

*Nathan Frank* and *Richard A. Jones* for respondent.

WILLIAMS, C.—This is a suit to recover damages for the death of plaintiff's wife, alleged to have been caused by the defendants in negligently and carelessly operating a street car in the city of St. Louis in such a manner as to strike plaintiff's wife and cause her death. The petition was in two counts, one count upon common law negligence and the other count upon violation of an ordinance of said city. The answer contained a general denial and the further allegation that whatever injuries plaintiff's wife sustained were caused through her own carelessness and negligence. Trial was had in the circuit court of the city of St. Louis, resulting in a verdict and judgment for plaintiff in the sum of $5000. Both defendants have appealed. The appeal was taken after the

jurisdiction of the courts of appeal had been increased to $7500. Upon an examination of the record, it is evident that the only point upon which the jurisdiction of this court is attempted to be based is the fact that one of defendants' refused instructions requested the court to instruct the jury to find for defendants on the ground that section 2865, Revised Statutes 1899 (now section 5246, Revised Statutes 1909), is unconstitutional. Upon an examination of the appellants' brief, we find that the constitutional question is not mentioned therein and is not relied upon or urged here as a ground for reversal.

In the case of Botts v. Wabash Railroad Company and St. Louis & Hannibal Railroad Company, 248 Mo. 56, Division One of this court in discussing a similar situation reached the conclusion that under such circumstances this court did not have jurisdiction of the case. In that case BOND, J., speaking for the court, announced the rule, here applicable, as follows:

"An objection to the constitutionality of a statute made in the trial court, which is abandoned after appeal taken to this court, or which is not attempted to be maintained either by argument or specification of the constitutional invalidity of such statute, is merely colorable and meritless; and if held sufficient ground to vest jurisdiction in this court, would necessarily divest courts of appeal of their lawful jurisdiction in any case where the counsel saw fit to make such claim during the trial. The appellate jurisdiction of the courts of appeal cannot be destroyed by the injection of sham questions of unconstitutionality in the trial courts, which are not deemed worthy of presentation or argument after the case has been gotten here by that process. That is what the record shows was done in this case. This performance does not present any real constitutional question for review in this court."

It therefore follows that the case at bar should be transferred to the St. Louis Court of Appeals. It is so ordered. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of WIL-LIAMS, C., is adopted as the opinion of the court. All the judges concur.