THOMAS WARD McMANUS, Appellant, v. CAMILLA S. W. BURROWS et al. .

In Banc, December 22, 1919.

1. **APPELLATE JURISDICTION: Constitutional Question: Interpretation of Statutes.** If appellant's liability is dependent wholly upon an interpretation of State statutes, and the interpretation of said statutes in no wise involves the construction of the Federal or State Constitution, the Supreme Court does not have jurisdiction of an appeal from a judgment of the circuit court adjudging appellant liable under the statutes.

2. ———: ———: ———: **Interest on Judgment.** Whether or not a judgment allowing commissioners in a partition proceeding a designated sum for their services bears interest from the date thereof, depends wholly on the statutes of this State, and, where they are admitted to be valid, an interpretation of them by the circuit court, ruling that said judgment does bear interest, whether right or wrong, does not deny to the objecting coparcener due process of law or the equal protection of the laws, although the ruling is made by overruling a motion to quash an execution issued for the collection of the interest, in which motion it is alleged that to allow interest on the judgment would be to deny to movent due process of law and the equal protection of the laws, in violation of designated constitutional provisions. If the ruling was wrong it was but judicial error in construing State statutes, given after movent had notice and his day in court, and such error does not constitute denial of due process or equal protection of the laws, the validity of the statutes themselves being in no wise questioned.

3. **DUE PROCESS: Mere Assertion: Execution.** A substantial constitutional question is not raised by the mere assertion that an execution issued to enforce a judgment is a denial of due process of law and a deprivation of the equal protection of the laws, although it may have been issued as a result of a misconstruction of certain statutes. The constitutional question raised must be substantial, and not merely colorable.

Appeal from St. Louis City Circuit Court.—*Hon. Leo S. Rassieur,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*T. J. Rowe, Thos. J. Rowe, Jr.,* and *Henry Rowe* for appellant.

(1) The circuit court had no jurisdiction to issue execution No. 52, and said execution will deprive appellant of his property without due process of law, in violation of both the State and Federal Constitutions. Grignon v. Astor, 34 U. S. 338; Grignon v. Astor, 43 U. S. 338; Scott v. Toledo, 36 Fed. 385; Yick Wo v. Hopkins, 148 U. S. 667; Leper v. Texas, 139 U. S. 462. (2) Though the court may possess jurisdiction of the cause of the subject-matter and of the parties, it is still limited in its modes of procedure and in the extent and character of its judgments. It must act judicially in all things and cannot transcend the power conferred by law. Winsor v. McVeigh, 93 U. S. 274; Ex parte Virginia, 100 U. S. 339. (3) Fees of commissioners and others in partition, ordered taxed as costs, while collectible by execution against the allotments of the several partitioners, are not such general orders or judgments as are contemplated by the statute and do not bear interest. Sec. 7181, R. S. 1909. For a case directly in point see Jones v. Trust Co., 105 S. W. 328. For cases on the allowance of interest, see, also: Bradley & Co. v. Asher, 65 Mo. App. 589; Adler & Sons Clothing Co. v. Corl, 155 Mo. 149; St. L. Ry. v. Knapp, Stout & Co., 160 Mo. 396; State v. Slaughter, 70 Mo. 484; State v. Boogher, 71 Mo. 631.

*Marion C. Early* for respondent.

(1) The case involves no constitutional question, and should be sent to the St. Louis Court of Appeals. Woody v. Railroad, 173 Mo. 547; Stegall v. American Pigment Co., 263 Mo. 719; Carson v. Railroad, 184 S. W. 1039; Donoho v. Railroad, 184 S. W. 1149; Berryman v. Maryland Motor, 197 S. W. 850; Kemper Mills v. Railroad, 178 S. W. 503; Hulett v. Railroad, 145 Mo. 35; Hilgert v. Barber Asphalt Co., 173 Mo. 319; Kan-

sas City v. Baird, 163 Mo. 196. (2) Under Missouri statutes allowances to special commissioners in partition suits bear interest at six per cent. per annum from decree until payment. McManus v. Burrows, 191 Mo. App. 594; McManus v. Burrows, 246 Mo. 438; Martin v. St. Louis, 139 Mo. 246; National Bank v. Mechanics Bank, 94 U. S. 437; Henderson v. Lowell, 86 Ky. 668; Devlin v. Mayor, 131 N. Y. 123.

GOODE, J.—The appellant took this appeal from an order of the court below, overruling a motion to recall and quash an execution issued on the judgment in the case of Thomas Ward McManus (the appellant) against Camilla S. W. Burrows and Matthew Park, Trustee. Several executions were issued at different times on that judgment. The one involved in the present appeal is for interest claimed on an allowance of fees to the commissioners appointed to partition property among the parties to the aforesaid cause, in accordance with the judgment therein given.

The judgment found that McManus was entitled to a half interest in the property, Camilla S. W. Burrows to a one-sixth interest, Matthew Park, Trustee, to a one-third interest, and ordered a division accordingly. Henry C. Grenner, Charles Z. Trembley and Frank H. Gerhart were appointed commissioners, and for their services, after their report had been filed, the court, on June 23, 1908, in confirming the report and rendering a final decree, allowed each of them five thousand dollars. Other items of costs, including fees of attorneys, stenographer's charges, those of a surveyor, and fees of the marshal and clerk of the court, etc., were allowed by the judgment and as part of it. Every item of the costs appears to have been paid in full by the parties to the litigation, according to their respective liabilities, except the interest on that portion of the compensaton of the commissioners adjudged against appellant McManus. On December 24, 1913, McManus paid half of the other costs and half of the face of the amount

awarded the three commissioners, but refused to pay the interest claimed to have accrued since the rendition of the judgment on the other half, and pending an appeal taken by him from an order overruling a motion to quash a prior execution, viz., No. 94. Grenner and Gerhart are the claimants of interest; Trembley, the other commissioner, having acknowledged satisfaction in full of the allowance to him. A previous execution (No. 114) to test the right to interest, was issued at the instance of Grenner, which was followed by a motion to quash by McManus. The motion having been overruled, he appealed to the St. Louis Court of Appeals, where the ruling of the circuit court was sustained and the applicable statutes construed to require interest on the allowances to the commissioners. [191 Mo. App. 594.] Subsequently the execution involved herein (No. 52) was issued at the instance of Gerhart, to collect the interest, and McManus filed a motion to quash it too, assigning, among other reasons for the motion, that the enforcement of the execution would violate the Fourteenth Amendment to the Constitution of the United States, by depriving him of his property without due process of law and by denying him the equal protection of the law; would violate Section 30 of Article 2 of the Constitution of Missouri, by depriving him of his property without due process; and for the further reason that the circuit court was without jurisdiction to allow the commissioners five thousand dollars for their services, and in so doing violated said constitutional provisions and also Section 2578, Revised Statutes 1909, of this State. The motion having been overruled, an appeal was granted to this court.

The question for first attention is whether the jurisdiction of the appeal is here or in the St. Louis Court of Appeals; and this question depends on whether or not to rule on the motion to quash the execution, Appellate Jurisdiction. it was necessary to construe either the National or the State Constitution to ascertain whether the collection, by execution,

of interest on the allowances to the commissioners, would deprive appellant of his property without due process of law or deny him the equal protection of the law. That the judgment for compensation to the commissioners was unconstitutional, has not been urged; neither has the validity of the statutes authorizing such a judgment been denied. [R. S. 1909, secs. 2279, 2588.] The contention is that to enforce payment of the fees allowed would violate said constitutional provisions. But we think the question of the right to interest, although asserted to require, in order to answer it, a construction of the Federal and the State Constitutions, in truth requires no more than the construction of some sections of our statutes. Interest is never allowed at common law in the absence of a stipulation or a commercial usage, to pay it; so the position of appellant is this: The remuneration allowed commissioners is part of the costs of an action of partition, to be taxed proportionally against the parties, like the other costs, and court costs bear no interest, as neither the common law nor any statute provides they shall. For respondent it is contended the statutes direct a judgment for costs in partition cases against the parties according to their respective interests in the property to be divided, expressly authorize an execution for the costs thus adjudged, and money due on any judgment or order of court draws interest from the date of rendition. The sections of the statutes cited by the parties in support of their respective contentions, are 2279, 2578, the first of which provides for a judgment and execution for costs in partition cases, and the second for an allowance of compensation to commissioners; also 7181, which declares interest shall be allowed on all money due on any judgment or order of court, from its date. It is plain from the statement of the theories of the parties, that the solution of their controversy turns exclusively on the meaning of the statutes supra, considered in connection with the doctrine of the common law refusing interest as a general

rule. It should be noted that the judgment of partition in this case said nothing about interest on the fees allowed the commissioners, or on any of the other items of costs. A judgment for the costs in such cases is expressly directed by Section 2279, and whether commissioners' allowances are costs, and, if so, whether they bear interest, are in no sense constitutional questions, but simply questions of the construction of pertinent statutes; namely, those cited. The conclusion that interest runs on allowances is derived, as said above, by construing Section 2279, which authorizes judgment and execution for costs in suits to partition, with Section 7181, which provides for interest on all money due on judgments and orders; and the position of appellant comes to this: that the adoption by the circuit court of the construction in favor of interest, as shown in the overruling of his motion to quash the execution, deprives him of his property without due process of law and denies him the equal protection of the law. If the circuit court misconstrued the statutes and its ruling is permitted to stand, plaintiff will be deprived of his property when he ought not to be, but it by no means follows that he will be deprived of it without due process of law or in denial of the equal protection of the law. He will be deprived of it by an erroneous judicial decision, given after he had notice and his day in court. Such a mistake has been held time and again to constitute no denial of due process or of the equal protection of the law. [Stegall v. Chemical Co., 263 Mo. 719.] The Supreme Court of the United States, in passing upon the question of Federal jurisdiction of a cause, removed or appealed from a state court, on the ground that the due-process and equal-protection clauses of the Fourteenth Amendment must be construed to determine the case, has declared often, that if the decision turned on the interpretation of a state statute, which was not in itself attacked as unconstitutional, those clauses of the Fourteenth Amendment were not involved and the Federal court was with-

out jurisdiction. [Starin v. New York, 115 U. S. 248, 257; Central Land Co. v. Laidley, 159 U. S. 103; Knop v. Coal Co., 211 U. S. 485.] The precise point was passed upon by this court in a case decided by the St. Louis Court of Appeals and remanded to the circuit court for a second trial; whereupon an answer was filed with an averment that the construction of several statutes by the Court of Appeals violated the due-process clauses of the National and State Constitutions, and the equal-protection clause of the former. It was held no constitutional question was raised, as the Courts of Appeals have as much right to construe statutes as this court and their construction is as final in cases within their jurisdiction; that if the answer conferred jurisdiction, all a defendant need do to burden this court with all kinds of cases would be to plead in his answer that certain statutes had been construed by the Court of Appeals in violation of a constitutional provision. [Sublette v. Railroad, 198 Mo. 190.] Applying the principle of that case to this one, it follows that if the circuit court erred in holding, under the relevant statutes, the commissioners' allowances bear interest, its decision cannot be reviewed here.

Appellant contends the collection of interest by execution will violate the aforesaid constitutional provisions. In one appeal from the judgment in the present case, this court decided the commissioners were entitled to execution for the fees adjudged to them, though the opinion said nothing about interest running on the fees, as the question was not before the court. [McManus v. Price, 246 Mo. 438.] But the point in hand is as to the constitutional validity of the process issued for the interest, and touching that point we remark that executions have been the process for enforcing judgments time out of mind. Due process of law means, among other things, process according to established usage; hence an execution was due process wherewith to collect the interest; the *right* to interest depending, as we have said, on the meaning of the statutes, but on no

constitutional clause or provision. Numerous opinions, some of them amounting to treatises, have expounded the meaning of *due process,* and in a leading opinion on the subject, the Supreme Court of the United States said that when a particular process was asserted not to be due process, then to determine the question "we must examine the Constitution itself to see whether this process be in conflict with any of its provisions. If found not to be so, we must look to those settled usages and modes of proceeding existing in the common and statute law of England, before the emigration of our ancestors, and which are shown not to have been unsuited to their civil and political condition by having been acted on by them after the settlement of this country." [Murray v. Hoboken Land Co., 18 How. (U. S.) 272, 277.] In the case just cited the denial of due process was rested on the fact of the property of a Collector of Customs having been seized and sold by a marshal of the United States, pursuant to a distress warrant issued by the Solicitor of the Treasury, instead of by virtue of an execution based on a judgment given against the Collector after notice and a hearing. This proposition was rejected by the Supreme Court because the distress warrant had been issued pursuant to an Act of Congress; an act in conformity to the usage prevailing for centuries to collect balances due from defaulting revenue officers.

One purpose of the guaranties of due process and equal protection of the law is, of course, to protect persons from arbitrary acts of officials, dictated by their passions, or individual opinions of what is right, but unsanctioned by statute or the common law. It cannot be conceded that a substantial constitutional question is raised by asserting that an execution issued to enforce a judgment, is not due process or is a denial of equal protection, even admitting it was issued as a result of a misconstruction of certain statutes.

A rule of the Federal courts for determining whether they have jurisdiction of a case by reason of the

Constituion being involved, is that if the question has been decided theretofore, it cannot be raised again for jurisdictional purposes. [State of Kansas v. Bradley, 26 Fed. 289, 290; Montana Ore-Purchasing Co. v. Mining Co., 85 Fed. 867.] The rule of this court is the same. [Dickey v. Holmes, 208 Mo. 664.] But it does not follow that every averment of the violation of some constitutional right will confer jurisdiction, merely because the question raised has not been adjudicated. There is another requirement about which this court and the Federal courts agree; and it is that the question raised, though never previously decided, must be substantial and not merely colorable. [Newburyport Water Co. v. Newburyport, 193 U. S. 561; Williams, Jur. Fed. Courts, p. 61; Carson v. Railroad, 184 S. W. 1039.] In the case last cited this court well said: "There must at least be some substance to the constitutional question before it possesses vitality to force jurisdiction here." That remark was made after the statement that all the constitutional questions raised in the case had been determined prior to the appeal except one, concerning which the court said there was no such substance in it as would confer jurisdiction upon this court. [See, too, Stegall v. Chemical Co., supra.] A particularly apposite case is Woody v. Railroad, 173 Mo. 547, wherein the defendant contended a judgment adjudging costs against it was a deprivation of property without due process. In disposing of the point the court said the defendant had been brought before the court below by a summons duly served, its pleas were filed and heard and the claim that the costs were improperly adjudged raised no constitutional point.

Under the foregoing authorities the present appeal must be transferred to the St. Louis Court of Appeals. All concur, except *Graves, J.*, who dissents.