GEORGE BEALMER and WILLIAM L. BEALMER, Partners, Doing Business as BEALMER & SONS, v. HARTFORD FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant.

Division Two, March 13, 1920.

1. **JURISDICTION: Not Contested by Either Party.** Notwithstanding neither party has questioned the jurisdiction of a court, the first question to be raised and decided by any court in any case is whether it has jurisdiction in point of fact.

2. ———: **Constitutional Question: Timely Raised.** If the only ground upon which the Supreme Court can have appellate jurisdiction of a case appealed to it is that the constitutionality of a certain statute is involved, the court must decide, although its jurisdiction is not questioned, whether such question was timely lodged in the case.

3. ———: ———: ———: **Wrong Section.** If the constitutionality of a certain section was not called in question in the trial court, that question, to be available as determining appellate jurisdiction, cannot be raised by assignment in the appellate court. If, by objections to the introduction of evidence and to the giving of certain instructions and by grounds stated in the motion for a new trial, appellant in the trial court challenged the consti-

tutionality of Section 7047 of the Revised Statutes, it cannot on appeal shift those objections to Section 7052, and have the Supreme Court assume jurisdiction on the ground, first assigned in its brief, that said Section 7052 is unconstitutional for the reasons on which the validity of Section 7047 was challenged in the trial court.

4. ———: ———: **Construing Statute: Due Process.** A wrongful construction merely state that the section is not unconstitutional and mitted that such construction renders the statute unconstitutional, does not deprive appellant of its property without due process of law, or deny to it the equal protection of the laws, or introduce into the case a constitutional question in such wise as to confer appellate jurisdiction on the Supreme Court. A wrongful construction does not involve the validity of the statute, but the validity of the court's construction, and a wrongful construction amounts to no more than an erroneous judicial decision.

5. ———: ———: **Mere Assertion.** A mere assertion that a certain section is unconstitutional is not sufficient to confer appellate jurisdiction on the Supreme Court. It is not enough that the instruction merely state that the section is unconstitutional and void because in conflict with named sections of the Constitution, without any statement, either in the instruction or the brief, of the facts which create the conflict.

Appeal from Macon Circuit Court.—*Hon. Vernon L. Drain,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Barger & Hicks* and *Barker & Jones,* for appellant; *Bates, Hicks & Folonie,* of counsel.

(1) Sec. 7047, R. S. 1909, denies foreign insurance companies equal protection of the law. This section is violative of Section 1 of the Fourteenth Amendment to the Federal Constitution, and is unconstitutional and void. Said section conflicts with Sub-section 26, Section 53, Article 4, Constitution of Missouri, and with Article 2 of Section 30 of Constitution of Missouri. Southern Railway Co. v. Greene, 216 U. S. 400. (2) Defendant having been authorized to do business in Missouri was, after such authorization, entitled to be treated the same

as a domestic insurance company and entitled to equal protection of the law. The imposition of conditions preceding entry into the State have no bearing on the question, as the point goes to the equal rights of the defendant after being admitted. Gulf, Colorado & Santa Fe Railway v. Ellis, 165 U. S. 150. (3) To effectuate an assignment of a policy of fire insurance so as to create liability from the insuring company to the assignee, there must be (a) a valid assignment by the owner of the policy to the assignee and (b) the consent of the insurance company to the assignment. If the minds of the seller of the property and the purchaser have not met as to assigning the insurance or the expressed consent of the insurance company has not been secured, then in either event it is ineffectual. 2 Joyce on Insurance (2 Ed.), sec. 1120. (4) The court should have directed a verdict as a matter of law, because no valid assignment of the policy was proven, nor any consent of the insurance company requested or given respecting same. Unexecuted intention to assign a policy does not amount to an actual assignment. Meadows' Guardian v. Meadows' Administrator, 13 Ky. Law Report, 495. Fire insurance policies cannot be assigned without consent of the insurer. 4 Joyce on Insurance (2 Ed.), p. 2304. Assignment and consent thereto is a tripartite contract and must in every sense be a novation to have any legal effect. Swaine v. Teutonia Fire Insurance Co., 222 Mass. 108. (5) Insurance agents, even though designated "general agents," are not substitutes for their employer with authority to do anything whatsoever but must act within the apparent scope of their authority. Continental Insurance Company v. Schulman, 205 S. W. 315.

*Dan R. Hughes* and *John R. Hughes* for respondents.

(1) The defendant's agent countersigned the policies and followed the usual course of business he had pursued for years with the consent of the company. This

32—281 Mo.

made their agent a general agent and his agreements and knowledge was binding upon the company. The company is estopped from disputing the authority of its agent. Sheets v. Ins. Co., 153 Mo. App. 620; Rogers v. Fire Ins. Co., 157 Mo. App. 671; Deland & Sons v. Ins. Co., 68 Mo. App. 282; Bealmer et al. v. Hartford Fire Ins. Co., 193 S. W. 847; Woolfolk v. Home Ins. Co., 202 S. W. 627; Prichard v. Conn. Fire Ins. Co., 203 S. W. 223. (2.) The extent and character of the agent's authority is determined by the powers granted and the general course of dealing, and not the name by which the agent is designated by the company. Sheets v. Ins. Co., 153 Mo. App. 620; Nickell v. Ins. Co., 144 Mo. 420; Bealmer v. Hartford Fire Ins. Co., 193 S. W. 847. (3) The general agent has authority to bind the company and his agreements or knowledge will be imputed to the company. A local agent having the power to make contracts of insurance has authority to make assignments of policies. Nickell v. Ins. Co., 144 Mo. 420; Sheets v. Ins. Co., 153 Mo. App. 620; Bealmer v. Hartford Fire Ins. Co., 193 S. W. 847; Woolfolk v. Home Ins. Co., 202 S. W. 627; Prichard v. Conn. Fire Ins. Co., 203 S. W. 223. (4) When the agent knows the exact conditions and the premium is accepted or not returned, the company will be held liable for the loss. Gray v. Ins. Co., 155 N. Y. 184; Rogers v. Ins. Co., 157 Mo. App. 671; Manning v. Ins. Co., 176 Mo. App. 678; Rosecrans v. Ins. Co., 66 Mo. App. 352; Bealmer v. Hartford Fire Ins. Co., 193 S. W. 847; Woolfolk v. Home Ins. Co., 202 S. W. 627; Prichard v. Conn. Fire Ins. Co., 203 S. W. 223. (5) Contracts of insurance need not be in writing. If the agent had authority his agreement for insurance or assignment of policies will bind the company. R. S. 1909, sec. 2993; Baile v. Ins. Co., 73 Mo. 371; Real Estate Saving Inst. v. Collonious, 63 Mo. 290; King v. Ins. Co., 195 Mo. 290; State v. Lincoln Trust Co., 144 Mo. 592; 15 Am. & Eng. Ency. Law (2 Ed.), 852; 1 Joyce on Insurance, sec. 525; Richards on Insurance, sec. 41; Vining v. Ins. Co., 89 Mo. App. 311; Bealmer v. Hartford Fire Ins. Co., 193 S.

W. 847; Woolfolk v. Home Ins. Co., 202 S. W. 627; Prichard v. Conn. Fire Ins. Co., 203 S. W. 223. (6) Sec. 7047, 1909, is constitutional. It is a general and not a special law. State v. Bishop, 128 Mo. 373; State ex inf. v. Aetna Ins. Co., 150 Mo. 113; Hamman v. Central Coal & Coke Co., 156 Mo. 232; Ex Parte Berger, 193 Mo. 16; Phillips v. Mo. Pac. Ry. Co., 86 Mo. 540.

WILLIAMSON, J.—This is a suit upon a fire insurance policy. The plaintiff recovered judgment below in the sum of $1417.60. A motion for a new trial having proved unavailing, this appeal is taken. The essential facts are as follows:

Appellant insured the church building of the Baptist Church of Atlanta, Missouri, against fire, in the sum of fifteen hundred dollars. W. J. Dearing was the "surveying agent" for appellant in Atlanta, and as such countersigned all policies issued by it in that city, including the one here in question. Appellant was duly authorized to transact the business of insurance in this State, and Dearing was a duly licensed agent. Thereafter, the trustees of the church sold the building thus insured to plaintiffs, including in the sale the unexpired insurance, which was to be transferred to the purchasers. Later, and before the policy had expired by lapse of time, the building was totally destroyed by fire. The contract between plaintiffs and the trustees was never reduced to writing.

There was evidence that appellant's agent was informed, by plaintiffs, of their purchase of the building and unexpired insurance, and of the terms upon which it was made, very shortly after the purchase was made, and that he consented to the assignment of the insurance policy to plaintiffs and agreed to attend to the details necessary or usual in such cases, to vest the title to the policy in plaintiffs. The policy was at that time in the agent's possession. No written assignment of the policy to plaintiffs was ever made.

W. J. Dearing, testifying in behalf of defendant, stated that he represented the defendant as its agent at Atlanta; that his duties as such agent were to solicit insurance, take the application and send it in to the company, whereupon, if approved, it would be returned to him and he would look it over, and if conditions remained the same, would then collect the premium, countersign the policy and deliver it to the assured; that he had solicited the insurance here involved, and had countersigned the policy here in question, after receiving the premium; that no part of the premium had ever been refunded to the insured, or to plaintiffs, nor had defendant ever offered to refund any part of it, and that shortly after the sale, and before the fire occurred, he was informed that the trustees had agreed to assign the insurance to plaintiffs. Dearing further testified that none of the trustees of the church said anything to him about assigning the policy, nor did any member of the building committee say anything to him about it, although the chairman of the board of trustees told him of the sale of the building to plaintiffs; that he was never requested by anybody to assign the policy of insurance nor to have it assigned; that though he had represented the company for twenty years, he had never assigned a policy of insurance.

The petition was sufficient in form. The answer admitted the issuance and delivery of the insurance policy, and the sale of the building, but denied the assignment of the policy, and denied that the defendant or its said agent had ever consented to the assignment. The reply was a general denial.

The assignments of error are that the court erred in refusing to direct a verdict for defendant as a matter of law; that instructions numbered one, two and four, given in behalf of plaintiffs, are erroneous; that instructions numbered one and two, requested by defendant, were improperly refused; that the court erred in admitting incompetent evidence; that "the court by rulings upon evidence and instructions, did so construe Section

7047, Revised Statutes 1909, as to deny defendant equal protection of the law, and said section so construed violates the constitutional rights and guarantees of the defendant,'' and that the court erred in overruling the motion for a new trial, on the ground, among others, of the alleged unconstitutionality of Section 7047, supra. No question was made in the trial court as to the constitutionality of any other section of the statutes.

The plaintiffs below contended that the consent by defendant's agent, Dearing, to the transfer of the insurance policy, and his knowledge of the sale and its conditions, bound the defendant company as effectively as if the policy had in fact been assigned. The trial court, in effect, so instructed the jury. Defendant's instruction number two, which the court refused to give, was a declaration that Section 7047, supra, was unconstitutional and void because in conflict with the constitutional provisions hereinafter named. In the view we take of this matter, no further statement of the facts is necessary.

This appeal comes to this court because of the constitutional question alleged to be involved.

It is obvious from the foregoing statement of facts that if we have jurisdiction of this case it is because, and, solely because, a constitutional question is thought to be involved. Neither party has questioned our jurisdiction, but the first question to be decided by any court in any case is whether or not it has jurisdiction in point of fact. It is as essential to the orderly administration of justice that we should decline to proceed in any case where jurisdiction is absent, as that we should unhesitatingly adjudicate when jurisdiction appears. We are thus confronted with the vital question: Is a constitutional question involved in this cause? No constitutional question was made by the pleadings. The first suggestion of a constitutional question appears in an objection to the introduction of certain evidence, and the objection then made, in plain terms, is that Section 7047, of the Revised Statutes of Missouri of 1909, is unconstitutional and void under Subsection 26, Section

53, Article 4, of the Constitution of Missouri, and un-der Section 1 of Article 14 of the amendments to the Federal Constitution, and also under Article 2 of Section 30 of the Constitution of Missouri.

Sub-section 26 of Section 53 of Article 4 of the Constitution of Missouri, forbids the passage of any law "granting to any corporation, association or individual any special or exclusive right, privilege or immunity, or to any corporation, association or individual the right to lay down a railroad track." We assume that by reference to Article 2 of Section 30 of our Constitution, Section 30 of Article 2 is meant. That section and Section One of the Fourteenth Amendment to the Constitution of the United States, are the familiar sections of those constitutions relating to "due process of law."

Similar objections are made to the introduction of other evidence from time to time "on constitutional grounds for the reasons heretofore stated." Upon the conclusion of the evidence appellant asked an instruction to the effect that that section, to-wit, Section 7047, supra, was void because in conflict with the various constitutional provisions above named. This instruction was refused and an exception was duly saved. Appellant also objected to each instruction given in behalf of respondents on the ground that each was "contrary to Section One of Article Fourteen of the Amendments of the Constitution of the United States, and unconstitutional and void under the terms and conditions" of the various provisions above named of the Constitution of Missouri.

In its motion for a new trial, appellant assigned as one ground that "the court erred in failing to hold Section 7047" supra to be unconstitutional and void because contrary to the various constitutional provisions above enumerated. This was the only reason, touching upon constitutional questions, assigned in that motion. The motion and all of the objections above mentioned were overruled, and exceptions were duly saved.

Under the heading of "Argument," appellant in its brief states its understanding of plaintiff's position:

quotes from Section 7052 of the Revised Statutes of Missouri of 1909, and states its contention on the constitutional questions claimed to be involved, in the following language:

"It was the contention of the plaintiffs in the trial court that, by virtue of the statutes of Missouri respecting agents of foreign insurance companies, the effect of such statute was to make the agent, licensed to do business for such company, the agent of the insurance company in every particular so that he was, to all intents and purposes, the insurance company. The section (Sec. 7052, R. S. 1909) reads as follows:

" 'Any person or persons in this State who shall . . . make or cause to be made directly or indirectly, any contract of insurance for such company or association, shall be deemed to all intents and purposes an agent of such company or association.'

"This section, if interpreted to mean that one who makes an insurance contract shall be deemed the *agent of the company* and *not the agent of the assured* in every act entering into the *making of the contract,* is logical and constitutional. If construed to mean that one who issues or delivers a policy *forever after* is the agent of the insurance company *for every purpose,* world without end, it becomes an unconstitutional, unjust and oppressive act."

The entire argument under this point is directed to the alleged invalidity of Section 7052 supra. In Paragraph V of the argument, the following occurs:

"(c) The third instruction given on the part of the plaintiff is to the effect that if Dearing was permitted to countersign policies, then he had authority to agree to the assignment of the policy. We respectfully insist that such a construction of the statute makes the same violative of the constitutional rights of the defendant."

The statute here casually mentioned is, from the context, Section 7052 supra. The first reference made in the argument to Section 7047 is found on a succeeding page. It is apparent at a glance that there is no consti-

tutional question involved in this case so far as Section 7052 supra, is concerned, for the plain reason that the constitutionality of that section was never called in question in the court below, as the record shows. It is the settled law of this State, declared in numerous decisions, that a constitutional question, to be available on appeal, must be made at the earliest opportunity that orderly procedure affords, and must thereafter be kept alive by appropriate steps. It cannot be raised for the first time in an appellate court, if it could properly have been raised in earlier stages of the proceeding. "This rule has been stated time and again until it should be considered no longer a matter of debate." [Strother v. Railroad, 274 Mo. 272, l. c. 277; Lohmeyer v. Cordage Co., 214 Mo. 685, l. c. 689; Miller v. Connor, 250 Mo. 677, l. c. 684.] It follows that there is no constitutional question here as to Section 7052 supra.

A slightly different situation exists, so far as a constitutional question is concerned, as to Section 7047 supra. It will be noted that the only constitutional question preserved in the motion for a new trial is that relating to the alleged invalidity of Section 7047 supra. The pertinent portion of this section is as follows:

"Foreign companies admitted to do business in this State shall make contracts of insurance upon property or interests therein only by lawfully constituted and licensed resident agents, who shall countersign all policies so issued." [Sec. 7047, R. S. 1909.]

Turning to appellant's brief, we find one, and but one, assignment of error relating to constitutional questions, and that one is in these words: "The court, by rulings upon evidence and instructions, did so construe Section 7047, Revised Statutes 1909, as to deny defendant equal protection of the law, and said section, so construed, violates the constitutional rights and guarantees of the defendant." It thus appears that it is not the validity of the statute, but the validity of the trial court's construction of the statute, which is attacked on the grounds of unconstitutionality. Granting (without decid-

ing) that the trial court's construction was wrong, and granting (also without deciding) that, as thus wrongly construed, that section would be unconstitutional, does that state of affairs so introduce a constitutional question into this case as to bestow upon this court a jurisdiction which it would not otherwise have? We do not think so. We have decided many times that it does not.

"If the circuit court misconstrued the statutes and its ruling is permitted to stand, plaintiff will be deprived of his property when he ought not to be; but it by no means follows that he will be deprived of it without due process of law or in denial of the equal protection of the law. He will be deprived of it by an erroneous judicial decision, given after he had notice and his day in court. Such a mistake has been held time and again to constitute no denial of due process or of the equal protection of the law." [McManus v. Burrows, 217 S. W. 512, l. c. 514. See, also, Stegall v. Pigment & Chemical Co., 263 Mo. 719, l. c. 723, 173 S. W. 674; Sublette v. Railroad, 198 Mo. 190, 95 S. W. 430.]

The only other references to a constitutional question pertaining to Section 7047 supra which appear in appellant's brief are as follows:

Under "Points and Authorities," appellant asserts that Section 7047 supra is in violation of the constitutional provisions above named, and denies foreign insurance companies equal protection of the law; and under the head of "Argument," under Point Five, appellant says:

"The second instruction of the defendant refused by the court squarely raised the question of the constitutionality of Section 7047, Revised Statutes 1909. We respectfully submit that the same should have been given by the court."

This is not sufficient. A mere assertion of the existence of a constitutional question is not sufficient to confer jurisdiction. Questions of so grave a nature cannot thus lightly be raised. We think the assignment

merely colorable and without merit. [Botts v. Railroad, 248 Mo. 56, l. c. 59 et seq.; Moore v. United Rys., 256 Mo. 165, l. c. 166; Stegall v. Pigment Co., 263 Mo. 719, l. c. 722; McManus v. Burrows (In re Gerhart), 217 S. W. 512.] We reach this conclusion the more readily from the fact that a mere reading of the statute in question is strongly persuasive that it is not subject to attack on constitutional grounds, under the facts in this case. It seems to be a reasonable regulation, applicable alike to all foreign insurance companies doing business in this State, and not open in any wise to the questions here attempted to be made concerning it, but we do not wish to be understood as now passing upon the constitutionality of Section 7047, supra. It is not before us. What is here said is by way of argument only. "There must at least be some substance to the constitutional question before it possesses the vitality to force jurisdiction here." [Carson v. Ry. Co., 184 S. W. 1039, l. c. 1041; State ex rel. v. Woodman, 193 S. W. 570.] The rule is the same in the United States Supreme Court. "It is settled that not every mere allegation of a Federal question will suffice to give jurisdiction. There must be a real, substantive question on which the case may be made to turn; that is, 'a real and not a merely formal Federal question is essential to the jurisdiction of this court.'" [WHITE, J., in Equitable Life Assurance Society v. Brown, 187 U. S. 311.] To the same effect, see SHIRAS, J., in St. Joseph Railroad Co. v. Steele, 167 U. S. 662, and BREWER, J., in Hamblin v. Western Land Co., 147 U. S. 532. We think counsel for appellant correctly stated his grievance, if any he has, concerning Section 7047 supra, as well as Section 7052 supra, when he complained of the trial court's construction of those sections. But, as we have shown, an erroneous construction of a statute does not give this court jurisdiction of the case on appeal, when it would not otherwise have it. And we are not to be understood as intimating that the trial court's construction of these statutes was erroneous.

For the reasons above stated, we hold that we have no jurisdiction of this cause. It therefore should be transferred to the Kansas City Court of Appeals for decision upon the merits. It is so ordered. All concur.