In Matter of VILLAGE (OR TOWN) OF GRANDVIEW (of Jackson County, Missouri), Appellant, v. HENRY F. McELROY, ELIHU HAYES and HARRY S. TRUMAN, Judges, and PETER J. KELLY, Clerk, of County Court of Jackson County, M. S. WALLACE and ALEX HAWKINSON.—298 S. W. 760.

Division Two, October 10, 1927.

136

*A. N. Gossett* and *T. L. Robinson* for appellant.

*Fred A. Boxley* for respondents.

BLAIR, J.—Appeal from the Circuit Court of Jackson County. The action there was *certiorari* to respondents as judges of the County Court of Jackson County, requiring them to send up the record in a certain proceeding, lately pending before said county court, entitled, "In the Matter of the Application of M. S. Wallace and Others to Diminish the Limits of the Village of Grandview in Jackson County, Missouri," wherein respondents made an order diminishing the limits of said village of Grandview.

The circuit court issued its writ of *certiorari* in accordance with the prayer of the petition. On the return day of such writ, respondent county judges filed their motion to quash the writ upon the ground that the circuit court was without jurisdiction to issue said writ, and because the facts stated in the petition for said writ showed upon their face that petitioner was not entitled to the relief prayed for. The trial court sustained said motion and quashed its writ of

*certiorari.* After moving unsuccessfully to set aside the order quashing such writ, petitioner was granted an appeal to this court.

Our appellate jurisdiction has not been challenged, but it is our duty to determine for ourselves the fact of such appellate jurisdiction in every case, before undertaking to consider the merits of the questions presented for appellate review. [Parker v. Zeisler, 139 Mo. 298, 40 S. W. 881; In re Bennett's Estate, 243 S. W. 769; In re Letcher, 269 Mo. l. c. 147, 190 S. W. l. c. 21; State ex rel. Rucker v. Hoffman, 313 Mo. l. c. 669, 288 S. W. 16; State ex rel. Lamm v. Mid-State Serum Co., 264 S. W. 878.]

The appellate jurisdiction of this court is limited to the classes of cases specified in Article VI, Section 12, of the Constitution. [See also Article VI, Amendment of 1884, Section 5.] Appellate jurisdiction in all cases appealed from the circuit courts, and not coming within the classes of cases specified in Article VI, Section 12, of the Constitution, is in the appropriate court of appeals. [State ex rel. Rucker v. Hoffman, supra, l. c. 670.]

Our jurisdiction cannot rest upon the amount involved. This is not that character of case. Even if it were, the record does not disclose such amount. Such facts must affirmatively appear. [In re Bennett's Estate, supra, and cases cited.] Title to real estate is not involved. The only way in which real estate is in any way affected is in respect to the right to tax it and to exercise municipal governmental control over it. Such considerations do not touch the question of title to real estate.

This is not a case where a county or other political sub-division is a party. A city or town within a county is not a political sub-division, so as to confer upon the Supreme Court appellate jurisdiction in a case, merely because such city or town is a party. [Kansas City v. Neal, 122 Mo. 232, 26 S. W. 695; Parker v. Zeisler, supra; Webb City & Carterville Water Works Co. v. Webb City, 143 Mo. 493, 45 S. W. 279; Smith v. Sedalia, 228 Mo. 505, 128 S. W. 735; Louisiana v. Lang, 251 Mo. 664, 158 S. W. 1.]

Nor does the fact that the *certiorari* proceeding was against the county judges in their official capacities make the county a party, within the meaning of Article VI, Section 12, of the Constitution, so as to confer appellate jurisdiction upon this court. [State ex rel. Tadlock v. Mooneyham, 296 Mo. 421, 247 S. W. 163; State ex rel. Nee v. Gorsuch, 303 Mo. 295, 260 S. W. 455.]

The only other ground, upon which our appellate jurisdiction could possibly rest, is found, in what can scarcely be regarded as an effective attempt to inject a constitutional question into the case in the circuit court, in the following assignment, made for the first time in the motion for new trial, to-wit: "Because said judgment or order is contrary to and in conflict with Sec. *309,* Art. 2, and Sec.

7, Art. 9, and Sec. 10, Art. 10, of Constitution of Missouri." This assignment is insufficient for at least two reasons, even assuming that a motion for new trial or to set aside the order served any office in a case where, in effect, a demurrer to the petition is sustained. The reference to Section "309," Article II, of the Constitution is to an impossible section and is clearly a mistake. Section 30, Article II, upon due process of law, is perhaps the section intended to be invoked.

The reference to this section and to Section 7, Article 9, and Section 10, Article 10, does not suggest how the judgment of the circuit court invaded appellant's rights under said sections. To raise a constitutional question, it is not sufficient that certain sections of the Constitution are set out and the contention made that the rights of appellant thereunder have been violated. The facts which create the conflict must be set out. [State v. Goad, 296 Mo. l. c. 456, 246 S. W. 917; State v. Swift & Co., 270 Mo. 694, 195 S. W. 996; Bealmer v. Hartford Fire Insurance Co., 281 Mo. 495, 220 S. W. 954; Dorrah v. Pemiscot County Bank, 248 S. W. l. c. 962; State v. Nece, 248 S. W. 963.]

Not only was the alleged constitutional question not properly raised, but it was not timely raised. It must be raised at the earliest possible moment or it will be deemed to be waived. It must be raised in the pleadings, if due to be raised there. [State v. Hale, 248 S. W. 958; Miller v. Connor, 250 Mo. l. c. 684, 157 S. W. 81; Lohmeyer v. Cordage Co., 214 Mo. l. c. 690, 113 S. W. 1108.]

No allegation was made in the petition that appellant's (petitioner's) rights under the Constitution had been violated by the order of the county court diminishing the limits of the village of Grandview, which petitioner sought to quash. Such question was due to be lodged in the petition, because the violation of petitioner's constitutional rights, if any, was caused by said order of the county court.

But, even if the appeal was properly sent to this court in the first instance (assuming that a constitutional question was timely and properly raised below), we will not continue to retain such jurisdiction after such constitutional question has been abandoned in this court, if our appellate jurisdiction depends solely on the existence of a constitutional question. It has neither been briefed nor argued in this court. The constitutional question will therefore be treated as abandoned. [Botts v. Railroad, 248 Mo. l. c. 61, 154 S. W. 55; Moore v. United Railways Co., 256 Mo. 165, 165 S. W. 304; Cooper County Bank v. Bank of Bunceton, 310 Mo. 519, 276 S. W. 622.]

Finding nothing in the record upon which to rest our appellate jurisdiction, the cause should be transferred to the Kansas City Court of Appeals. It is so ordered. All concur.