[1] This action as originally filed was in two counts, one in equity and one at law, both counts being based upon an alleged violation of Sec. 8301, R.S. 1939, Mo.R.S.A. In the first count plaintiff sought an injunction against certain action and conduct of the defendants, including picketing, which plaintiff charged constituted a conspiracy in restraint of trade and an illegal boycott that interfered with plaintiff's business, employees and customers. The second count was based upon the facts alleged in the first count and, on account thereof, plaintiff asked damages in the sum of $2000 up to the time of filing the petition and it was further alleged that plaintiff would continue to suffer loss and damage at the rate of $300 per day until defendants should cease the actions complained of. Under Sec. 8308, R.S. 1939, Mo.R.S.A., plaintiff prayed for treble damages, costs and a reasonable attorney fee. A temporary injunction was issued on the date the petition was filed. After the filing of defendants' answer and motion to dissolve the temporary restraining order, a hearing was had on the merits before the court "sitting in equity." Thereafter, the count at law for money damages was, by leave of court, dismissed by plaintiff, without prejudice, and the court entered a decree on the first count whereby the temporary injunction was made permanent. Defendants have appealed.
[2] Appellant Briner is the assistant business representative of a labor union known as the International Association of Machinists, District No. 9, and appellant Vossmeyer is an assistant business representative of a labor union known as the Teamsters Union Local No. 618 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, affiliated with the American Federation of Labor.
[3] Respondent operates a machine shop and is engaged in the sale and service of automobiles at 4725-4733 McPherson Avenue in the City of St. Louis. At the time in question it employed about twenty-five persons, some fifteen of whom were engaged in the repair and servicing of automobiles. None of these employees belonged to any union, nor, at the time herein mentioned, did any union have contractual or bargaining rights in respondent's shop. As indicated, supra, this action arises out of the action and conduct of the appellants in *Page 75 
instituting and carrying out certain picketing of respondent's place of business and out of their efforts to make the picketing effective.
[4] Respondent is a member of an organization known as the "Greater St. Louis Automotive Association, Inc." Approximately 130 to 140 automobile dealers in the metropolitan area of St. Louis belong to this association. The appellants alleged in their answer that the two unions which they represent had cooperated with the said Greater St. Louis Automotive Association, Inc., in the preparation of a model or suggested form of labor contract to be submitted to the members of the association, the form providing for a written contract between the employer, the two labor unions and the "Greater St. Louis Automotive Association, Inc." In their pleadings appellants further alleged that, some time prior to the commencement of the picketing complained of, they had requested respondent to enter into a contractual relationship with their respective unions; that 95% of the other members of the association mentioned, supra, had signed contracts with the unions and were operating union shops, but that respondent had declined to do so. There was testimony in support of these allegations and to show that both Briner and Vossmeyer had made various calls on Mr. Gruet, the president of respondent, and had talked with some of respondent's employees, but that respondent's shop had not been unionized. Appellant Briner had last called on Mr. Gruet on Friday before the picketing began on Monday. As between respondent and its employees, no labor dispute existed or ever had existed. Appellants concede that "the record shows that no labor dispute existed between plaintiff and its employees, or between plaintiff and the pickets."
[5] Appellant Briner began picketing respondent's place on Monday morning, April 28, 1947. He carried an umbrella on which was printed the name of the union, Machinists, District No. 9 and the word "Unfair." He was accompanied by another picket carrying a similar umbrella. After Tuesday, all umbrellas showed the word "Non-Union" instead of the word "Unfair." Appellant Vossmeyer joined the picket line Monday afternoon. He carried an umbrella with the name of the Teamsters Union and the word "Non-Union." After the Teamsters Union was represented on the picket line, appellants only visited and supervised the picket line from time to time and there were usually only two pickets present in front of respondent's premises with one umbrella for each union. One picket testified that he received instructions from both appellants with reference to the picketing. The picketing continued until Thursday, May 1, 1947, when the temporary injunction was issued. In view of the conclusions we have reached as to this court's jurisdiction of this appeal, it will not be necessary to further review the detailed evidence concerning the manner in which the picketing was conducted, the efforts to make it effective and the effect of the picketing and other acts and conduct of appellants upon respondent, its business, customers and employees, nor need we further review the evidence relied upon to establish the alleged conspiracy.
[6] Appellants invoke the jurisdiction of this court on the theory that by their pleadings, as filed in the trial court, "issues are raised and contentions made that the relief sought in plaintiff's petition and granted by the trial court infringes upon and violates liberties, rights and privileges granted to defendants by the Constitution of the United States and the State of Missouri." In this connection only Art. V., Sec. 3 of the Constitution of Missouri, 1945, Mo.R.S.A., is cited.
[7] The presence of a supposed constitutional question arises from the fact that appellants in their "Amended Motion to Dissolve Temporary Restraining Order, Return to Order to Show Cause, and Answer" alleged that they picketed respondent's premises for the purpose of informing the public that respondent was a non-union employer and operated a non-union shop, and that any judicial restraint thereof, in view of the facts and circumstances surrounding such picketing, would be and constitute a denial to the appellants of (1) due process of law in violation of the Fifth and Fourteenth Amendments to the United States *Page 76 
Constitution; (2) their right of peaceable assemblage with other persons for their common good in violation of Art. 1, Sec. 9 of the Missouri Constitution; (3) their right to be free to say, write or publish, or otherwise communicate whatever they will on any subject in violation of the First and Fourteenth Amendments to the United States Constitution and of Art. 1, Sec. 8, of the Missouri Constitution; and (4) their right, as members of labor, to organize in violation of Art. 1, Sec. 29, of the Missouri Constitution.
[8] In the brief filed by the appellants in this court no specific constitutional question has been presented for decision. Under "Points and Authorities" in appellants' brief no provision of the Constitution of the United States or of the Constitution of Missouri is cited under any subdivision, nor is any specific provision of either constitution cited or discussed in the printed argument. Certain abstract statements of law are set out under "Points and Authorities," but the only errors specified and complained of in the brief are (1) that the decree is erroneous because there is no evidence in the record to support a finding that appellants "entered into a conspiracy in violation of Sec. 8301, R.S. 1939, or any other unlawful conspiracy," or that appellants "were picketing for an unlawful purpose"; (2) that the court erred in entering the decree in view of "the renunciations contained in defendants' pleadings and in their statement to the court at the trial"; (3) that the decree of injunction is erroneous because not specific, but vague and confusing and so broad and sweeping as to be "void, inoperative and incapable of enforcement"; and (4) that the court erred in permitting plaintiff to dismiss without prejudice count two of its petition.
[9] In the printed argument appellants refer to point one, supra (concerning the sufficiency of the evidence), as "the real issue involved herein." Appellants further say that, "in short, plaintiff contended and the trial court concluded that the picketing herein was carried on for an unlawful purpose." The only specification of alleged error which mentions "constitutional rights" is subdivision five of points and authorities. It is as follows: "A decree of injunction must be specific and not vague or confusing; it must be so framed as to clearly and specifically advise those against whom it is directed of the things they may not lawfully do; and it must not be so broad and sweeping as to restrain the commission of legitimate, constitutional rights along with unlawful acts. The language of the decree herein offends in all the foregoing respects, and is void, inoperative and incapable of enforcement."
[10] No specific constitutional provision is cited under the above subdivision. In the printed argument appellants say that the decree "infringes upon defendants' constitutional privileges in violation of Federal and State Constitutions," but again no specific provision of the Constitution of the United States or of the State of Missouri is cited in the brief under this or any subdivision.
[11] To give this court jurisdiction of a cause on the ground that the appeal involves the construction of the Constitution of the United States, or of this state, a particular constitutional question must be presented in the briefs filed in this court. Kansas City Breweries Co. v. Markowitz, Mo. Sup., 212 S.W. 849; Village of Grandview v. McElroy, 318 Mo. 135, 298 S.W. 760, 762; Cooper County Bank v. Bank of Bunceton, 310 Mo. 519,276 S.W. 622, 623; Little River Drainage District v. Houck, 282 Mo. 458,222 S.W. 384; Federal Land Bank of St. Louis v. Bross, Mo.Sup., 116 S.W.2d 6; Hanna v. Sheetz, 355 Mo. 1215, 200 S.W.2d 338, 339; McGuire v. Hutchinson, 356 Mo. 203, 201 S.W.2d 322, 327; City of St. Louis v. Butler Co. (En Banc), Mo.Sup., 219 S.W.2d 372, 376, 380. In the case of City of St. Louis v. Butler Co., supra, other requirements necessary to preserve a constitutional question for review are set out.
[12] In the case of Robinson v. Nick, 345 Mo. 305, 134 S.W.2d 112, 114, it was held that an assignment of error in the intervenor's brief that "the judgment and decree of the court is in violation of and in contravention of the Constitution of the United States and amendments thereto" did not "properly present any constitutional question" since "the section of the constitution which has *Page 77 
been violated must be designated and the facts which constitute such violation must be narrated." Also see Botts v. Wabash R. Co., 248 Mo. 56, 61, 154 S.W. 53; Moore v. United Rys. Co., 256 Mo. 165, 165 S.W. 304.
[13] We think it is clear from appellants' brief that this appeal presents no constitutional question and does not involve "the construction of the Constitution of the United States or of this State." In such situation it is immaterial whether we hold that any constitutional question shown by the record in the case is now "merely colorable and not substantial" or whether we hold that any such constitutional question has been abandoned. In either case this court is without jurisdiction of this appeal on the ground suggested by appellants. McGuire v. Hutchison, supra; Hanna v. Sheetz, supra.
[14] Nor do we have jurisdiction of this appeal on the theory that "the amount in dispute, exclusive of costs, exceeds the sum of seventy-five hundred dollars." The record does not affirmatively show that any amount in excess of $7500 is involved herein. The action was filed on May 1, 1947, a temporary restraining order and order to show cause was issued on that date and all picketing and other acts complained of ceased immediately. Count two was dismissed on March 15, 1948, the date on which and permanent injunction was entered under count one. On the record presented, the amount in dispute, as of the date of this appeal, is not sufficient to give this court jurisdiction. Moffatt v. Board of Trade of Kansas City, 203 Mo. 277, 101 S.W. 6; Trokey v. U.S. Cartridge Co., Mo.Sup., 214 S.W.2d 526.
[15] The cause should be transferred to the St. Louis Court of Appeals. It is so ordered.
[16] BRADLEY and VAN OSDOL, CC., concur.